UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 15-20037

DENNIS GEORGE DeHATE,          Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S
### MOTION TO SUPPRESS AND REQUEST FOR A *FRANKS* HEARING

Defendant Dennis George DeHate ("Defendant") is charged with child pornography and related offenses, including production of child pornography. The matter is currently before the Court on Defendant's motion challenging the search warrant that led to his arrest, on the ground that the search warrant affidavit contains materially false statements or omissions. The parties have briefed the issues and the Court heard oral argument on October 28, 2015. As explained below, this Court concludes that Defendant is not entitled to a *Franks* hearing and that his Motion to Suppress must be denied.

As explained by the United States Court of Appeals for the Sixth Circuit in *United States v. Mastromatteo*:

> To obtain a *Franks* hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with reckless disregard for the truth. The movant must also show that the allegedly false statements were necessary for the magistrate's determination of probable cause. Therefore, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171–72, 98 S.Ct. 2674 (footnote omitted). What

1

> remains of the affidavit establishes probable cause if it "provide[s] the magistrate judge with a basis for finding there was a fair probability that contraband or evidence of a crime would be found at" the stated location. *Graham*, 275 F.3d at 504.

*United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). Thus, "[t]o deserve a *Franks* hearing to challenge the validity of search warrant, a defendant must make a substantial preliminary showing of two elements: first, a defendant must show that the affiant included – either knowingly and intentionally or with reckless disregard for the truth – a false statement in the affidavit." *United States v. Brown*, 732 F.3d 569, 575 (6th Cir. 2013). Second, the defendant must establish that the allegedly false statements were necessary to the magistrate's finding of probable cause. Only if both showings are made is an evidentiary hearing warranted. *Id.*

Despite being given ample opportunity to do so – both in briefing his motion and at oral argument– Defendant has not identified any false statements in the search warrant affidavit. Defendant argues, however, that there are material omissions in the search warrant affidavit.

"Although material omissions are not immune from inquiry under *Franks*," the Sixth Circuit has "recognized that an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." *United States v. Atkins*, 107 F.3d 1213, (6th Cir. 1997) (citing *United States v. Martin*, 920 F.2d 393, 398 (6th Cir.1990)). "This is so because an allegation of omission 'potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." *Id.* (Citations and internal quotations omitted).

"If the defendant does succeed in making a preliminary showing that the government affiant engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting

information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists." *Atkins*, 107 F.3d at 1217 (citing *United States v. Bonds*, 12 F.3d 540, 568 n. 26 (6th Cir.1993)).

The information that Defendant asserts was omitted here is simply speculation that Defendant would like to have been included in the search warrant affidavit. And that speculation goes to whether Defendant knew the minor victim's age – which does not aid Defendant because knowledge of the minor victim's age is neither an element of the offense nor an affirmative defense to the charge of producing child pornography. *United States v. Humphrey*, 608 F.3d 955, 964 (6th Cir. 2010). As a result, this Court concludes that even if the search warrant affidavit had included the information that Defendant claims should have been included, probable cause would still exist.

Accordingly, the Court ORDERS that Defendant's request for a *Franks* hearing, and Defendant's Motion to Suppress, are DENIED.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager