UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    Case No. 15-20037

DENNIS GEORGE DeHATE,          Sean F. Cox
                                          United States District Court Judge

      Defendant.

_____/

## OPINION & ORDER
## ON MOTIONS IN LIMINE

This criminal action involves child pornography and related charges. The matter is proceeding to a jury trial on January 12, 2016. This Opinion & Order addresses the parties' motions in limine, which were heard by the Court on January 8, 2016.

Defendant filed one motion in limine, that makes various broad statements about evidentiary principles and then makes non-specific arguments that cannot be addressed before trial. As such, Defendant's Motion is denied without prejudice.

The Government's motion asks the Court to do three things prior to trial in this matter: 1) preclude Defendant from using consent as a defense to the crimes charged; 2) preclude Defendant from arguing knowledge of the victim's age as to Count One, the production of child pornography charge; and 3) make pretrial rulings on the admissibility of evidence of Defendant's other acts as res gestae evidence and/or under Fed. R. Evid. 404(b). The first two issues are not in dispute because Defense Counsel agrees that he cannot argue consent as a defense and cannot make knowledge-of-age arguments as to Count One. As explained below, with regard to the

1

Government's arguments concerning 404(b) evidence, the Court rules that the Amy Chat Log is admissible under Fed. R. Evid. 404(b) but denies without prejudice the Government's request to admit the Government's Revised Exhibits B and C under 404(b).

## BACKGROUND

The First Superceding Indictment (Docket Entry No. 39) charges Defendant Dennis George DeHate ("DeHate" or "Defendant") with:  1) Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (Count One); 2) Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Two); 3) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three); 4) Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470 (Count Four); and 5) Coercion and Enticement of Minor, in violation of 18 U.S.C. § 2422(b) (Count Five).  The Indictment also contains forfeiture allegations.

Defendant was arrested on January 13, 2015, after the F.B.I. executed a search warrant at Defendant's home in Sterling Heights, Michigan.

Defendant is proceeding to a jury trial on January 12, 2016.

On December 1, 2015, before the Court had issued the Trial Order and before the parties had exchanged exhibit lists, Defense Counsel filed a "Motion Ad [sic] Limine For Certain Email Correspondence" (Docket Entry No. 48).

This Court's "Order Regarding Trial" (Docket Entry No. 49) was issued on December 3, 2015, and provides that: 1) motions in limine were to be filed by December 11, 2015; 2) responses to any motions in limine must be filed by December 18, 2015; and 3) the Court would hear oral argument on any motions in limine on January 8, 2016.

Defense Counsel did not file any additional motions in limine after this Court issued the

2

Order Regarding Trial.  Defense Counsel did not supplement the motion he had filed on December 1, 2015.

The Government filed one Motion in Limine on December 11, 2015, that addresses several issues.

After Defense Counsel failed to file a response to the Government's motion by the deadline stated in the Trial Order, this Court issued an Order requiring Defense Counsel to file a response to the motion by 5:00 on December 23, 2015.  (Docket Entry No. 60).  Thereafter, Defense Counsel filed a response brief[1] on December 22, 2015.  (Docket Entry No. 61).

## ANALYSIS

### I.    Defendant's Motion In Limine (Docket Entry No. 48)

In this motion, Defendant broadly asks this Court "to review in advance of their admission all purported emails and text messages or other electronic communications pursuant to the Federal Rules of Evidence."  (Def.'s motion at 1).  The motion then states that "the Court should be aware of the following issues relating to email and electronic communications," and then makes broad statements about various evidentiary principles and topics such as authentication, hearsay, best evidence, the doctrine of completeness, and unfair prejudice.  (*Id*. at 2).  Defendant's motion and brief then makes non-specific arguments that cannot be addressed before trial.

Indeed, Defense Counsel acknowledged at the January 8, 2016 hearing that the issues

---

[1]Defendant's *response* brief also attempts to make arguments concerning *Daubert* – although the Government's motion did not address such issues and Defendant did not file any pretrial motions or motions in limine concerning *Daubert* and he did not request a *Daubert* hearing.

3

raised in this motion cannot be addressed prior to trial.  As such, Defendant's Motion is denied without prejudice.

## II.      The Government's Motion In Limine (Docket Entry No. 52)

The Government's Motion in Limine asks this Court to do three things prior to trial in this matter: 1) preclude Defendant from using consent as a defense to the crimes charged; 2) preclude Defendant from arguing knowledge of the victim's age as to Count One, the production of child pornography charge; and 3) make pretrial rulings on the admissibility of evidence of Defendant's other acts as res gestae and under Fed. R. Evid. 404(b).  (Govt.'s Motion at 1).

### A.      Should The Court Preclude Defendant From Using Consent As A Defense To The Crimes Charged?

In its motion, the Government "seeks a ruling from the court precluding defendant from suggesting, arguing, inferring, or otherwise instructing the jury that MV-1 consented to Defendant's behavior, or arguing to them that if they find MV-1 was a willing participant, that would serve as reasonable doubt to the charges.  This includes voir dire, opening statement, cross-examination of witnesses, presentation of defense witnesses, and closing argument." (Govt.'s Br. at 2).

Defendant does not dispute that consent is not a defense to any of the charges against him.  Rather, Defendant affirmatively states that he does not intend to use consent as a defense in this case.  As such, this issue is moot.

### B.      Should The Court Preclude Defendant From Arguing Knowledge Of The Victim's Age, As To Count One?

Count One charges Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

4

2:15-cr-20037-SFC-DRG   Doc # 63   Filed 01/11/16   Pg 5 of 11   Pg ID 683

As this Court acknowledged in its Opinion & Order that denying Defendant's Motion to Suppress, knowledge of the minor victim's age is neither an element of the offense nor an affirmative defense to the charge of producing child pornography. *United States v. Humphrey*, 608 F.3d 955, 964 (6th Cir. 2010).

In its motion, the Government argues as follows:

> The government recognizes that, for Counts Two, Three, Four, and Five, the knowledge of age (or belief in age) becomes part of the elements. While the government expects to prove that the defendant knew MV-1 was 13 years old from the very beginning of their online communications, as for the production of child pornography count, the defendant's knowledge of her age is irrelevant.
> The government seeks a ruling from the court precluding defendant from suggesting, arguing, inferring, or otherwise instructing the jury that—as to Count One—knowledge of age is a requirement, or that if the jury believes defendant did not know MV-1's age, it creates reasonable doubt on that count. This includes voir dire, opening statement, cross-examination of witnesses, presentation of defense witnesses, and closing argument.

(Govt.'s Br. at 3).

In response, Defendant does not dispute that he cannot make knowledge-of-age arguments *as to Count 1*. As such, this issue is also moot.

### C.    Should The Court Allow The Government To Admit The Chats With "Amy" And Others As Either Res Gestae Evidence Or As 404(b) Evidence?

This case involves Defendant's alleged conduct concerning Minor Victim No. 1 ("MV-1). But in addition to Defendant's chats with MV-1, the Government states that it discovered that Defendants "not only was conversing with other minor children about sexually explicit topics, but also conversed with adults about his sexual desire for children." (Govt.'s Br. at 4). The Government divides this evidence into two categories: 1) a chat with "Amy," who the Government contends is a 16 year old girl; and 2) "numerous chats with individuals who told the defendant they were underage, or individuals that the defendant spoke of his sexual interest in

5

children." (Govt.'s Br. at 4). The Amy chat log is alleged to consist of conversations between Defendant and Amy, a sixteen-year-old girl. The other chat logs are alleged to consist of conversations that include Defendant and multiple other persons, whose identities are unknown.

      1.      **Is The Amy Chat Log Attached As Exhibit A To The Government's Brief Admissible As Either Res Gestae Evidence Or Under Fed. R. Evid. 404(b)?**

The Government contends that the evidence as to the "Amy" chats is admissible as res gestae evidence and that it is also admissible under Fed. R. Evid. 404(b)." (Govt.'s Br. at 4).

As explained below, the Court concludes that the Amy Chat Log attached to the Government's Brief as Exhibit A ("the Amy Chat Log") is admissible under Fed. R. Evid. 404(b).[2]

Federal Rule of Evidence 404(b) allows the government to introduce evidence of "other crimes, wrongs, or acts" committed by the defendant so long as the evidence is not used merely to show propensity and if it "bears upon a relevant issue in the case." *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000). The Rule contains a non-exhaustive list of possible purposes: "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Such evidence "is not admissible to prove the character of a person in order to show action in conformity therewith." *Id.*[3]

_____

[2]As such, the Court need not consider the Government's alternative argument that the Amy Chat log is admissible as res gestae evidence.

[3]As a preliminary matter, the Government's motion asserts that Defense Counsel did not request advance notice of Fed. R. Evid. 404(b) evidence and that the filing of the Government's pretrial motion provides adequate notice under the rule. (Govt.'s Br. at 4 n.1). The Rule provides that: 1) "[o]n request by a defendant in a criminal case, the prosecutor must" "provide reasonable notice of the general nature" of such evidence that the prosecution intends to offer at trial and that it must "do so before trial" unless good cause "excuses lack of pretrial notice."

As explained by the Sixth Circuit, a "district court determines the admissibility of evidence under Rule 404(b) pursuant to" the following a three-step process:

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir.2003)).

First, the Court must first decide whether there is sufficient evidence that the other acts in question occurred (i.e., that Defendant had these conversations in the Amy Chat Log).   The Government notes that these conversations were obtained from Defendant's own phone and included a picture of Defendant, which indicates that it was him engaged in the conversations with Amy.  The Court concludes there is sufficient evidence that Defendant had the conversation in the Amy Chat Log.

Second, the Court must decide whether the evidence of the other act is probative of a material issue other than character.

As to the Amy Chat Log, the Government highlights chats that show that: 1) Amy called Defendant "Daddy"; 2) Defendant asked Amy how "school" was going; 3) Defendant told Amy he loved her; 4) Defendant referring to Amy as being "young"; 5) Amy told Defendant she has issues with anxiety and depression; 6) Defendant has sexually explicit conversations with Amy

---

Fed. R. Evid. 404(b)(2).  Defense Counsel does not dispute that he did not request advance notice of 404(b) evidence.  And given that the Government has filed a pretrial motion as to this issue, lack of notice is not issue in this case.

and urged her to do various things; 7) Defendant encouraged Amy to send him pictures; and 8) Defendant told Amy "I found out the age of consent here in michigan is 16 now . . . We could have sex legaly [sic]." (Govt.'s Ex. A). The Government persuasively argues that the Amy chat log speaks to Defendant's "modus operandi because what Defendant did with Amy was striking similar to what he did with MV-1: find a vulnerable, underage girl on the internet and exploit them for sexual pleasure." (Govt.'s Br. at 17).

This Court agrees that, like the situation in *United States v. Ray*, 189 F. A'ppx 436, 443 (6th Cir. 2006), the Amy Chat Log helps show the means by which Defendant induced MV-1 to engage in the conduct at issue in this case.

Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. With respect to the Amy Chat Log, this Court concludes that the probative value of that evidence is not outweighed by any potential prejudicial effect. As such, this evidence is admissible under Fed. R. Evid. 404(b).

### 2.    Are The Other Chat Logs Admissible Under Fed. R. Evid. 404(b)?

The Government attached, as Exhibits B and C to its Motion in Limine, excerpts of chat logs of conversations that Defendant allegedly had with others on Defendant's Experience Project accounts "k9forfun" and "moparman51." The Government's motion asked the Court to admit those chat logs, and others that had not been provided to the Court, under Fed. R. Evid. 404(b).

At the January 8, 2016 hearing, however, the Court explained that it could not rule on the admission of any chat logs that had not been provided to the Court. In addition, the Court

expressed concern that these chat logs included conversations regarding the topics of incest and bestiality – that are not at issue in this case.

The Government then modified its position and asked the Court to admit only a small subset of the chat logs it had attached to its Motion in Limine.  The Government later re-filed, as Docket Entry No. 62), the limited portions of those chats that it seeks to admit under Rule 404(b).  The Government represents that it's Revised Exhibit B (Docket Entry No. 62-1 and 62-2) consists of conversations from Defendant's Experience Project account "k9forfun" and that its Revised Exhibit C (Docket Entry No. 62-3) consists of conversation from Defendant's Experience Project account "moparman51."  The Government asserts that these chat logs consist of conversations that include statements by Defendant and other unidentified persons.

In evaluating whether the chats in the Government's Revised Exhibits B and C are admissible under Rule 404(b), the Court must first decide whether there is sufficient evidence that the other acts in question occurred (i.e., that these conversations occurred and that it was Defendant who made the statements the Government attributes to him).  At the January 8, 2016 hearing, the Government represented that it will be able to present evidence *at trial* to show that it was Defendant who made the statements in these exhibits that the Government attributes to Defendant.  Thus, the Court cannot make a *pretrial* Rule 404(b) ruling as to the Government's Revised Exhibits B or C.

Assuming that the Government can establish that it was Defendant who made the statements attributed to him in the Government's Revised Exhibits B, the Court agrees with the Government that the statements by Defendant are probative of a material issue other than character.  The statements go to establishing knowledge and intent.  The evidence shows that

Defendant expressed a sexual interest in underage girls.  Some of the messages attributed to Defendant (i.e. the statement about not wanting to meet Chris Hanson from ABC News) also go to knowledge of illegality and absence of mistake as to age.

At the third step, the Court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.   As to the Government's Revised Exhibit B, the Court still has concerns about unfair prejudice because the conversation still contains references to incest and bestiality.  That said, the Court concludes that if the exhibit were appropriately redacted, the Court's concerns could be alleviated such that the probative value of the exhibit would not be substantially outweighed by its potential prejudicial effect.

Assuming that the Government can establish that it was Defendant who made the statements attributed to him in the Government's Revised Exhibits C, the Court is not convinced that the Government has established the statement made by Defendant is probative of a material issue other than character.  The Government's Revised Exhibit C contains just two messages: "Thank you for the add . . .  Check out my pics . . . they are g rated . . . And tell me what you think" followed by the response, "I wasn't sure what g-rated meant ^^; I like themn :) <br /> Okay . . . before we go on, you know I'm just 14 right?"  (Govt's Revised Ex. C).  The Government appears to attribute the first message to Defendant and the second message to another person.  But notably, this exhibit does not include any messages from Defendant *after* he was told that he was communicating with a fourteen-year old.  As such, the Court fails to see how this exhibit can properly be admitted under Fed. R. Evid. 404(b).

Accordingly, the Court denies without prejudice the Government's request to admit its Revised Exhibits B and C under Fed. R. Evid. 404(b).

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Defendant's Motion in Limine is

DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Government's Motion in Limine is GRANTED IN

PART, DENIED AS MOOT IN PART, and DENIED WITHOUT PREJUDICE IN PART.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 11, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
January 11, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

11