IN UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN,

**UNITED STATES OF AMERICA**

No. 2:15CR20037-001

v.        vs.          Hon. Sean F. Cox

**DENNIS GEORGE DSEHATE**
_____/

Mitchell H. Nelson (P22825)
YOUR BEST DEFENSE, PLC
398 Kent Way
White Lake, MI 48383
(248) 461-6777
_____/

### DEFENDANT'S SENTENCING MEMORANDUM

Section 3553(a) of Title 18 U.S.C. provides: Factors to be considered in imposing a sentence. - The court shall imposes a sentence sufficient, but <u>not greater than necessary</u>, (emphasis added) to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

"(1) the nature and circumstances of the offense and a history and characteristics of the defendant can;

    "(2) the need for the sentence imposed
        "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offensive;
        "(B) to afford adequate deterrence to criminal conduct;
        "(C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    "(3) the kinds of sentences available

This is before any mention is made of Sentencing Guidelines, whatsoever, which becomes most significant in light of the Supreme Court's ruling on Sixth Amendment grounds that sentencing guidelines can only be discretionary, <u>United States v. Booker, 543 US (2005),</u> the Opinion of the Court crafted by Justice Breyer states that: "Second, Congress' basic statutory goal - a system that diminishes sentencing disparity - depends up for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction." Booker, supra, Justice Breyer, p. 8 before concluding that, " Application of these criteria indicates that we must severe and excise two specific statutory provisions: the provision that requires sentencing courts to impose a sentence within the applicable Guideline range (in the absence of circumstances that justify a departure) see 18 U.S.C. section 3553 (b) (1)  (Supp. 2004), and the provision that sets forth standards of review on appeal, including de novo review of departures from the applicable guideline range." <u>Booker</u>, supra, Justice Breyer p. 16

The necessity of this ruling was bolstered by Justice Breyer reviewing the other opinions in this landmark case that, "The existence of section 3553 (b) (1) is a necessary condition of the constitutional violation. That is to say, without this provision, --- namely the provision that makes that 'the relevant sentencing rules.... mandatory and impose[s] binding requirements on all sentencing judges "--- the statute falls outside the scope of *Apprendii*'s requirement...[E]veryone agrees that the constitutional issues presented by these cases would have been a voided entirely if Congress had omitted from the [Sentencing Reform Act] the

provisions to make the Guidelines binding on district judges." Booker, supra, Justice Breyer p. 16. Clearly mandating sentencing under the specific enumerated considerations contained in 18 U.S. C. A. Section 3553(1-3).

In evaluating Mr. DeHate under these criteria the Government maintains that imprisonment for 405 months, over 33 1/3 years is sufficient but not greater than necessary to comply the purposes of 18 USC § 3553(a), in spite of the mandatory minimum for Count I of the Indictment being a very substantial 15 years, a massive amount of time for an individual has never been involved in any prior criminal activity and has been a productive member of this society for over 50 years. Additionally, all the searches and testing of Mr. DeHate's cellphone and computers failed to produce any other photograph or videos of any suspected child pornography other than the charged items involving MV-1. Mr. DeHate is far from being the "normal" child pornographer who is addicted to procuring this type of garbage, but instead a lonely old man nearing a mutual divorce from his wife. This does not excuse or legitimize the behavior the jury found him guilty of, but surely is necessary to consider in fashioning an appropriate sentence.

In Mr. Dennis DeHate we have an individual who has always maintained his innocence and had the ultimate temerity to demand a jury trial, where an unrecorded statement he made in response to questioning of a detective was mischaracterized as a confession, when no such "confession" was ever made, requiring him to have to make a "Kafkask choice" between "his fifth amendment right to remain silent or to call police officers liars. At Mr. DeHate's age the mandatory minimum sentence of one hundred eighty months would be sufficient

to comply with the purpose of sentencing set forth in 18 USC § 3553(a), while allowing the rehabilitative programs available in a medium security facility to be utilized to assure the community that a 67 year old Dennis DeHate would pose no risk to anyone when he returns to society. The low end of the advisory sentence guideline range of 324 months or 27 years is still beyond what is necessary to achieve the statutory purposes enumerated in 18 USC § 3553(a)(2), but would also allow appropriate rehabilitative programs in a medium security facility, since such placement is available in the Bureau of Prisons for a person with no criminal history and a sentence of less than 360 months.

Additionally, Mr. DeHate's skills and abilities have lead to a successful life as a skilled machinist and are no doubt an asset to this community. A sentence that would allow him to return to society before retirement age would allow him to serve the needs of his employer and this regions economy for an additional few years would seem most appropriate.  A sentence to the mandatory minimum tern of one hundred eighty months would achieve this goal and a further requirement could easily be fashioned to prevent access to protect the public from further similar crimes by Mr. DeHate. Clearly, Mr. DeHate's criminal activity here was an aberration in an otherwise responsible life of achievement and productive service to his employers that merits strong consideration of such an appropriate sentencing proposal.

        Respectfully submitted,

        /s/ Mitchell H. Nelson
        _____
        Mitchell H. Nelson
        Attorney for Defendant
        398 Kent Way
        White Lake, MI 48383
        (248) 461-6777
        mitcham@mac.com

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Defendant's Sentencing Memorandum was served upon:

    Margaret M. Smith, Assistant United States Attorney

and this Certificate of service was electronically filed, and/or otherwise served.

        YOUR BEST DEFENSE, PLC

Date: May 13, 2016

        By  /s/ Mitchell H. Nelson
            Mitchell H. Nelson