1            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MICHIGAN
2               SOUTHERN DIVISION

3    UNITED STATES OF AMERICA,

4                    Plaintiff,

5        -v-                      Case No. 15-20037

6    DENNIS GEORGE DEHATE,

7                    Defendant./
     _____

8                  **SENTENCING HEARING**
            **RESTITUTION HEARING (PART ONE)**
9             **BEFORE HON. SEAN F. COX**
            United States District Judge
10               257 U.S. Courthouse
            231 West Lafayette Boulevard
11             Detroit, Michigan 48226

12             **(Wednesday, May 18, 2016)**

13   APPEARANCES:        MARGARET M. SMITH, ESQUIRE
                         Appearing on behalf of the Government.
14
                         MITCHELL H. NELSON, ESQUIRE
15                       Appearing on behalf of the Defendant.

16   COURT REPORTER:     MARIE METCALF, CVR, CM
                         Federal Official Court Reporter
17                       257 U.S. Courthouse
                         231 W. Lafayette Boulevard
18                       Detroit, Michigan 48226
                         metcalf_court@msn.com
19

20

21

22

23

24

25

*U.S.A. v. Dennis George DeHate*

1

2

## **TABLE OF CONTENTS**

3    **PROCEEDINGS – WEDNESDAY, MAY 18, 2016**              **PAGE:**

4    **RESTITUTION HEARING (PART ONE)**........................29

5    **WITNESS CALLED BY THE GOVERNMENT:**

6    DIRECT EXAMINATION BY MS. SMITH.......................29

7

8

9

10

11

12

13   **EXHIBITS:**                                          **REC'D:**

14   GOVERNMENT EXHIBIT NO. ONE............................31

15

16

17

18

19

20

21

22

23

24

25

*U.S.A. v. Dennis George DeHate*

1          Detroit, Michigan

2          Wednesday, May 18, 2016

3          At 2:36 p.m.

4                         *      *      *

5          DEPUTY COURT CLERK:  All rise.  United States

6     District Court for the Eastern District of Michigan is in

7     session, the Honorable Sean Cox presiding.  Please be seated.

8          The Court calls case number 15-20037, United States

9     of America versus Dennis George Dehate.

10         Counsel, we need appearances for the record, please?

11         MS. SMITH:  Good afternoon, Your Honor.  Maggie

12    Smith appearing on behalf of the United States.

13         And with me at counsel table is Special Agent

14    Danielle Christenson with the FBI.

15         THE COURT:  Good afternoon.

16         MR. NELSON:  Good afternoon, Your Honor.  Mitchell

17    Nelson appearing on behalf of Dennis DeHate, who is present

18    and on my left-hand side.

19         THE COURT:  Good afternoon as well.

20         Could both of you approach real quick?

21         (Bench conference held off the record)

22         THE COURT:  Okay.  This is the sentencing hearing in

23    this matter.  I have carefully reviewed the presentence

24    report, the defendant's sentencing memorandum with letters in

25    support of Mr. Dehate, the government's sentencing memo, as

*U.S.A. v. Dennis George DeHate*

1    well as its motion for restitution.

2         All right.  Mr. Nelson, have you had the opportunity

3    to review the presentence report with your client?

4         MR. NELSON:  I have, Your Honor.  And we've filed

5    objections which the Court has ruled on in chambers today --

6    or talked to us about today.

7         THE COURT:  Well, we went over them in chambers, but

8    we're going to go on the record, because reviewing the

9    presentence report -- sorry, reviewing the sentencing

10   memorandum and then the presentence report with the

11   objections, I wasn't exactly sure what the objections were

12   and so we discussed the issue in chambers.

13        I discussed it with you, and Ms. Smith and

14   Mr. Hampstead, and I think we're ready to proceed with those

15   objections on the record right now.

16        So why don't we turn to defendant's objections.

17        COURT REPORTER:  Please pull the microphones towards

18   you.  Thank you.

19        THE COURT:  All right.  The first objection is --

20   was defendant's objection number one, there is no conviction

21   under 18 U.S.C. Section 2551(e).

22        And Mr. Hampstead drafted a -- prepared a response

23   for us.  And perhaps Mr. Hempstead can explain why he wrote

24   that paragraph of the presentence report on page two the way

25   he did.

*U.S.A. v. Dennis George DeHate*

1    MR. HAMPSTEAD:  Yes, sir.  The defendant was found

2  guilty of production of child pornography, pursuant to 18

3  U.S.C. 2251(a).  Under the same statute, the penalties were

4  -- of that offense were listed under 18 U.S.C. 2251(e).

5    As part of our duties with probation we list down

6  the statute that lists the specific penalties for that

7  conviction.  That is why that is listed there.

8    THE COURT:  Mr. Nelson?

9    MR. NELSON:  That's satisfactory, Your Honor.

10    THE COURT:  So you withdraw your objection based

11  upon that explanation?

12    MR. NELSON:  We do.

13    THE COURT:  Okay.  Next objection, objection number

14  two, release status.

15    In the release status, the correct date is January

16  13, 2015, that's defendants position.

17    And the correct date is -- I guess we all came up

18  with the correct date, but I don't have that in my notes

19  right now.

20    MS. SMITH:  Your Honor, if I may, I think it's

21  January 13, 2015.

22    MR. HAMPSTEAD:  That's correct.

23    MR. NELSON:  That's correct, Your Honor.

24    THE COURT:  Okay, very good.

25    All right.  Objection number three, paragraph two,

*U.S.A. v. Dennis George DeHate*

 1    identifying data.  Defendant's objection was that Mr. DeHate

 2    has two income tax dependents, both his wife and his son.

 3            The response from probation was, according to the

 4    defendant, he and his wife divorced in April of 2015.

 5            The defendant's son is 24 years of age and attending

 6    Eastern Michigan University.

 7            The defendant has not produced any documents to

 8    support the claim that his ex-wife and son are income tax

 9    dependents.  And probation is correct, if they divorced in

10    April of 2015, I don't know how his wife would be a dependent

11    currently.

12            MR. NELSON:  Your Honor, we will withdraw that

13    objection.  He has obviously had no income and filed no

14    income tax since his date of incarceration in January of

15    2014, so --

16            THE COURT:  So the defense is withdrawing its

17    objection number three, is that correct?

18            MR. NELSON:  Correct.

19            THE COURT:  All right.  Very good.

20            The next objection was objection four, defendant's

21    position, the testimony was that this app is popular with all

22    ages and parental consent is required by individuals under 15

23    years of age.

24            And then probation's response is:

25                "As the trial of this matter took place

*U.S.A. v. Dennis George DeHate*

1            before the Court, the Court is in the best

2            position to decide this matter."

3    And I believe you are correct, because I reviewed my notes

4    from the trial and there was no testimony that parental

5    consent is required for this app.

6            In fact, it was just the opposite, that these teens

7    and preteens can get this app without parental consent.

8            So I'm overruling objection number four.

9            Okay.  Objection number five.

10           Defendant's position, there was no testimony that

11   any of these three videos were filed under Mr. DeHate's

12   phone, which was inoperable.

13           Ms. Smith, do have a position on that?

14           MS. SMITH:  Yes, Your Honor.  All three videos that

15   are in question were located in the defendant's phone.  They

16   were admitted as exhibits at trial, as was the entire

17   forensic report that located those videos.

18           And Special Agent Jason Morrison testified as to

19   extracting those videos from the phone.

20           THE COURT:  Do you still have an objection,

21   Mr. Nelson, on that?

22           MR. NELSON:  We do, Your Honor.

23           THE COURT:  Well, Ms. Smith's position is absolutely

24   correct and that's reflected in my notes as well, and

25   reviewing the testimony of two individuals in particular, as

*U.S.A. v. Dennis George DeHate*

1  well as an individual that Ms. Smith mentioned, Officer

2  Kohlmeyer, K-o-h-l-m-e-y-e-r, as well as Danielle

3  Christenson.

4          So that objection is overruled.

5          The next objection is five.  Mr. Dehate never made

6  any admissions in this interview with police on January 13,

7  2015.

8          Well, that's not correct.  I went through my notes

9  and he made admissions to Officer Kohlmeyer, as well as

10 Special Agent Christenson during the course of interviews

11 they had with him.

12         So we are now on objection seven, is that correct?

13         MR. NELSON:  That's correct, Your Honor.

14         THE COURT:  Testimony at trial was that two alleged

15 images of MV1 were on his cell phone.  Your objection --

16 whatever.  Let's look at paragraph 19.

17         This is the one I was not exactly sure about what

18 you were objecting to, okay?  Paragraph 19, a review of --

19 reads:

20              "A review of his cellular telephone revealed

21              not only the video of MV1 masturbating, but also

22              eight to twelve images of MV1 that are child

23              pornography."

24 And then testimony at trial was that two alleged images of

25 MV1 were on his cell phone report.

*U.S.A. v. Dennis George DeHate*

1              Ms. Smith?

2              MS. SMITH:  Your Honor, the forensic report as I

3    noted was fully admitted at trial.  It contained multiple

4    images of minor victim one that included a video of sex acts,

5    as well as a number of images that showed lascivious display

6    of genitals.

7              Special Agent Morrison and Special Agent Christenson

8    testified to those images and those images were also admitted

9    as exhibits.

10             And I would add that those images were also

11   consistent with the defendant's confession of what he

12   received from minor victim one.

13             THE COURT:  But it's the defendant's position that

14   there were only two images?

15             MR. HAMPSTEAD:  That's correct, Your Honor.

16             THE COURT:  How many images were there?

17             MS. SMITH:  Your Honor, I believe there was eight to

18   twelve images that qualified under the definition of child

19   pornography, as well as the video, which counts as 75 images

20   under the guidelines.

21             THE COURT:  That's correct.

22             MR. NELSON:  Your Honor, it's our position none of

23   these videos -- that the video did not exist on the phone,

24   just a link to the video that was contained on the server for

25   this company.

*U.S.A. v. Dennis George DeHate*

1          THE COURT:  Well, I'm basing my ruling based upon

2     the evidence presented during the course of the trial.

3          So we're now at objection eight, is that correct?

4          Objection to paragraph 20.  And the Scottish

5     female's age is not established, but that she was young.

6          Well, I went through my notes and it was your client

7     that established the age of this Scottish female in a

8     statement he made to Officer Kohlmeyer, stating that she was,

9     according to my notes, "Amy on KIK."

10          He said that he had communicated with underage girls

11     and Amy on KIK was 16, from Scotland.  That is right in my

12     notes.

13          So I am overruling that objection.  That paragraph

14     20 is accurately written.

15          Twenty-one.  All evidence concerning this account

16     was suppressed by the Court on defendant's motion and should

17     not be included in this report.

18          Ms. Smith?

19          MS. SMITH:  Your Honor, I think suppression is a

20     legally incorrect term for the evidence that was in the K9

21     for Fun account.

22          The government from the outset agreed not to

23     introduce certain evidence out of that account, including

24     evidence of bestiality and incest.

25          However, we litigated the issue of whether some

*U.S.A. v. Dennis George DeHate*

1    other evidence of his sexual interest in children would be

2    admissible pursuant to Federal Rule of Evidence 404(b).

3              The Court denied without prejudice the government's

4    ability to introduce those exhibits at trial.  The government

5    decided not to introduce those exhibits at trial.

6              Aside from that, the presentence report is not

7    limited to only admitted exhibits at trial.  The Court can

8    consider any conduct at sentencing, as long as the standard

9    is met by a preponderance of the evidence.  And we believe

10   that we have met that standard, that that account existed and

11   that it belonged to the defendant, and the presentence report

12   should remain as written.

13             THE COURT:  That's correct, that that evidence was

14   put before the Court.  It was shown to the Court by a

15   preponderance of the evidence.  However, it just was not

16   allowed to be used or was not used during the course of the

17   trial.

18             And as we learned, "Andy" is the nickname for his

19   daughter.

20             Paragraph 22.  For presentencing guideline purposes,

21   the defendant is being held accountable for enticing the

22   production of child pornography, possession or receipt of at

23   least 85 images of child pornography, sending obscene

24   materials to a minor and attempting to entice or coerce a

25   minor, MV2, into sending child pornography.

*U.S.A.  v. Dennis George DeHate*

1          The objection is, the defendant was not charged or

2     convicted of any illegal activity regarding MV2.

3          What's the government's position?

4          MS. SMITH:  Your Honor, as I stated before, the

5     Court is allowed to consider conduct that's not charged or

6     not convicted as relevant conduct.

7          Under the guidelines, Section 2G1.3(d)(1), and

8     application note six, it would be proper for the Court to

9     count minor victim two as another victim.

10         If the Court is inclined to grant his objection, I

11    would note that even if it doesn't score under the

12    guidelines, it can still be considered under the 3553(a)

13    factors.

14         MR. NELSON:  Your Honor, we would object to even the

15    scoring of this alleged conduct or the inclusion of it in the

16    report is not necessary to present an accurate picture of

17    Mr. DeHate to the Department of Prisons.

18         THE COURT:  I won't include it in the scoring, but I

19    certainly can use it as 3553(a) factor.  And I will do so.

20         MR. NELSON:  We'll accept that, Your Honor.

21         THE COURT:  Okay.

22         Objection 12, is that now resolved, based upon the

23    ruling on objection -- sorry.

24         Objection -- we missed 11.  If I miss something, you

25    guys have got to let me know, okay?

*U.S.A. v. Dennis George DeHate*

1          Objection 11, it's my understanding you're going to

2     withdraw that objection, is that correct?

3          MR. NELSON:  That's correct.  We went over the case

4     law with the AUSA and we would agree to withdraw that.

5          THE COURT:  Okay.  Objection 12.  Based upon my

6     ruling in objection ten, is twelve resolved?

7          I've got to hear from you.

8          MS. SMITH:  I believe it is, Your Honor.

9          MR. NELSON:  That's correct, Your Honor.

10         THE COURT:  Okay.  Thirteen --

11         MS. SMITH:  Thirteen would also be resolved with

12     your ruling, Your Honor.

13         MR. NELSON:  That's correct.

14         THE COURT:  Fourteen?

15         Mr. Nelson, is it --

16         MR. NELSON:  That would also be under the same

17     ruling, Your Honor, I believe.

18         THE COURT:  It's resolved because of my ruling with

19     ten?

20         MR. NELSON:  Correct.

21         THE COURT:  Ms. Smith, is that correct?

22         MS. SMITH:  Yes, Your Honor.  For paragraph 60,

23     instead of a three, it should be a two, and then that is

24     resolved by your ruling.

25         MR. NELSON:  That is correct, Your Honor.

*U.S.A. v. Dennis George DeHate*

1            THE COURT:  Okay.  We are now on objection 15,

2      correct?

3            MR. NELSON:  Yes.

4            THE COURT:  So the adjusted offense level should now

5      be 40, is that correct?

6            MR. HAMPSTEAD:  That is correct.

7            MS. SMITH:  That is correct, Your Honor.

8            MR. NELSON:  That is, Your Honor.

9            THE COURT:  Sixteen.  Again, the total offense level

10     should be 40, is that correct?

11           MS. SMITH:  Yes, Your Honor.

12           MR. NELSON:  Yes, Your Honor.

13           THE COURT:  Okay.  Paragraph -- objection 17 and

14     that's the paragraph 73.

15           MS. SMITH:  Your Honor, I believe that this one is

16     resolved based on your ruling under objection number nine.

17           MR. NELSON:  That's correct, Your Honor.

18           THE COURT:  All right.  Eighteen, paragraph 80.

19           DeHate stated that he has arthritis in his right

20     shoulder and wrist, both knees and both feet, and he has been

21     dealing with such since his twenties.

22           He also reported experiencing back pain.  The

23     dependent states he takes ibuprofen as needed for pain

24     associated with his arthritis and back pain.

25           So tell me what you're objecting to, the defense is

*U.S.A. v. Dennis George DeHate*

1    objecting to in paragraph 80.

2           MR. NELSON:  Your Honor, we're asking for inclusion

3    as it's the only medication he is receiving for these

4    conditions is ibuprofen in the prison facility.

5           THE COURT:  Okay.  But what's inaccurate in

6    paragraph 80?

7           MR. NELSON:  The symptoms are accurate, but the

8    condition is being treated as needed.  The only treatment he

9    is receiving is the ibuprofen.

10          THE COURT:  It's being treated as needed, but as

11   perceived by whoever is taking care of him in Milan.  I'm not

12   going to change it.

13          The 19th objection now.  We're now at 19, is

14   paragraph 87.

15          MR. NELSON:  Your Honor, we will withdraw that

16   objection.

17          THE COURT:  So you're withdrawing the objection to

18   objection 19, is that correct?

19          MR. NELSON:  Correct, Your Honor.

20          THE COURT:  Twenty.  I guess we resolved 20 as to

21   paragraph 89, and that address will be inserted for Future

22   Die Cast and Engineering, is that correct?

23          MS. SMITH:  That's correct, Your Honor.

24          MR. HAMPSTEAD:  Yes.

25          MR. NELSON:  Your Honor, my client has indicated to

*U.S.A. v. Dennis George DeHate*

1    me that it isn't his wrist, it's his hip that has been having

2    the pain, not the wrist.

3              THE COURT:  So he wants to insert that -- insert

4    what?

5              MR. NELSON:  Hip instead of wrist that's causing the

6    conditions.

7              MR. HAMPSTEAD:  Yes, sir.  I will add that in.

8              THE COURT:  Not a problem.

9              So objection 20 we have resolved, is that correct?

10             MR. NELSON:  Yes, Your Honor.

11             MS. SMITH:  Yes, Your Honor.

12             THE COURT:  Put in the address for Future Die

13   Casting and Engineering.  Apparently when Mr. Dehate was

14   originally interviewed by Mr. Hempstead, he did not give the

15   complete name of the company which made it very difficult, if

16   not impossible, to track down the address of the company.

17             Twenty-one, paragraph 90.  What is inaccurate about

18   paragraph 90?

19             MR. NELSON:  Your Honor, we will withdraw that.

20             Our objection was, it wasn't responsive to request

21   for verification of employment.

22             THE COURT:  So you're withdrawing objection 21?

23             MR. NELSON:  Correct.

24             THE COURT:  What about objection 22?

25             MR. NELSON:  We would ask that that -- at least the

16

*U.S.A. v. Dennis George DeHate*

1   time period of Mr. Dehate's unemployment be characterized as

2   the beginning -- end of 2008, beginning of 2009.

3           THE COURT:  The defendant stated that -- told

4   probation that roughly -- stated that between roughly 2009

5   and 2011 he was unemployed.

6           Is he denying making that statement?

7           MR. NELSON:  No.  It was just characterizing the

8   period in more detail, Your Honor.

9           THE COURT:  Okay.  I don't see any reason for me to

10  change paragraph 91.  And that would be dealing with

11  objection 22.

12          Now, we move on to objection 23.

13          I guess we've resolved that and we have the address

14  of Futuramic Tool and Die on Gibson Drive in Warren, is that

15  correct?

16          So we have resolved objection 23 with the full

17  address of the company, correct?

18          MR. NELSON:  That's correct Your Honor.

19          MS. SMITH:  Yes, Your Honor.

20          THE COURT:  And objection 24.  And that would be

21  page 12, paragraph 95.

22          The correct score is 40, is that correct?

23          MR. NELSON:  Yes, Your Honor.

24          THE COURT:  And the guidelines, which are, of

25  course, advisory, are now 292 to 365, is that correct?

*U.S.A. v. Dennis George DeHate*

1          MS. SMITH:  That's consistent with your rulings,

2    yes, Your Honor.

3          MR. NELSON:  That is correct, Your Honor.

4          THE COURT:  Now we're moving to objection 25,

5    paragraph 112.  And what's the objection to paragraph 112?

6          Line four and beyond should be excluded, as the age

7    of this other person was never established and the other

8    alias accounts was suppressed by the Court.

9          Mr. Nelson?

10          MR. NELSON:  I believe, Your Honor, this was --

11    would be covered by the Court's previous ruling on this

12    matter regarding the Scottish individual.

13          THE COURT:  So according to my count, you want me to

14    remove everything starting with "he is divorced and has two

15    children"?  That was your request?

16          MR. NELSON:  That's correct.

17          THE COURT:  "Both of whom remains contact," so on

18    and so forth.

19          Well, that's -- as I understand, this has all been

20    resolved as -- it's accurate.

21          MR. NELSON:  That's correct, Your Honor.

22          THE COURT:  Okay.  Have we covered all the

23    objections by the defense, Mr. Nelson?

24          MR. NELSON:  Defense is satisfied, Your Honor.

25          THE COURT:  And, Mr. Nelson, any other objections,

*U.S.A. v. Dennis George DeHate*

 1  additions, corrections or deletions that you wish to bring to

 2  my attention regarding the presentence report?

 3          I'm going to ask your client separately, but --

 4          MR. NELSON:  Okay.  Nothing at this time, Your

 5  Honor.

 6          THE COURT:  Now is the time.

 7          MR. NELSON:  I have nothing further.

 8          THE COURT:  Ms. Smith, have you had the opportunity

 9  to review the presentence report?

10          MS. SMITH:  I have, Your Honor.

11          THE COURT:  And do you have any objections,

12  additions, corrections or deletions that you wish to bring to

13  my attention?

14          MS. SMITH:  I do not.

15          THE COURT:  Mr. Dehate, have you had the opportunity

16  to review the presentence report with your attorney?

17          DEFENDANT DEHATE:  Just really what we've done just

18  now.  I mean, I looked at it before that he made all the

19  objections, but this is all I've seen of it just here today

20  in court.

21          THE COURT:  Well, he reviewed this with you?

22          DEFENDANT DEHATE:  Just now, yeah.

23          THE COURT:  No, he reviewed it with you previously.

24          DEFENDANT DEHATE:  Yeah, but I'm -- what I'm saying

25  is, is he reviewed it with me and we made the objections.  I

*U.S.A. v. Dennis George DeHate*

 1    haven't -- I never saw anything with it being corrected,

 2    except for what I've seen here in court today.

 3         THE COURT:  Well, it hasn't been corrected, until I

 4    correct it.

 5         DEFENDANT DEHATE:  Okay.  Well then, yes, sir,

 6    you're right.

 7         THE COURT:  So you've reviewed it several weeks ago?

 8         DEFENDANT DEHATE:  Yes.

 9         THE COURT:  You reviewed the presentence report with

10    Mr. Nelson, correct?

11         DEFENDANT DEHATE:  Yes.

12         THE COURT:  And you went over with him the different

13    objections, including objections that you had, is that

14    correct.

15         DEFENDANT DEHATE:  Yes.

16         THE COURT:  And we discussed those objections just

17    now, correct?

18         DEFENDANT DEHATE:  Yes.

19         THE COURT:  And so do you have any further

20    objections, additions, or corrections or deletions that you

21    wish to bring to my attention?

22         DEFENDANT DEHATE:  None that I can think of, sir.

23         THE COURT:  Now's the time.

24         DEFENDANT DEHATE:  Nothing I can think of.

25         THE COURT:  And just so the record reflects, you've

*U.S.A. v. Dennis George DeHate*

1    had quite a bit of time to review the presentence report and

2    think about these -- think about objections and whatever

3    objections you wanted to bring to the Court or your attorney.

4            All right.  Mr. Nelson, is there anything you wish

5    to say on behalf of your client before I impose sentence.

6            And again, the guidelines, which are advisory, have

7    they been correctly scored, Ms. Smith and Mr. Nelson, at 292

8    to 365?

9            MR. NELSON:  The defense is satisfied, Your Honor.

10           THE COURT:  They're accurate?

11           MR. NELSON:  Yes.

12           MS. SMITH:  Your Honor, yes, I believe they're

13   accurate.

14           And I would further inquire, is the Court adopting

15   the presentence report with the changes that you made just

16   now?

17           THE COURT:  Yes.

18           MS. SMITH:  Thank you.

19           THE COURT:  Mr. Nelson, is there anything you wish

20   to say on behalf of your client before I impose sentence?

21           MR. NELSON:  There is, Your Honor.  Would you prefer

22   I use the podium?

23           THE COURT:  You're fine there.

24           MR. NELSON:  Okay.  Your Honor, I would refer the

25   Court to my memorandum of sentencing that I presented to the

                                                                21

*U.S.A.  v.  Dennis  George  DeHate*

1   Court.

2           THE COURT:  And you're asking for 180 months?

3           MR. NELSON:  That's correct, Your Honor.  It's our

4   position that the mandatory minimum for the production charge

5   is more than adequate and sufficient to provide deterrence to

6   other individuals from this type of crime, to enable him to

7   seek rehabilitative services in the Bureau of Prisons.

8           I think the measure of justice of our society is

9   always measured against how we treat people in the most

10  awkward, difficult circumstances.

11          It's easy to be afraid.  It's easy to be fearful of

12  individuals.  It's easy to make people into villains when

13  they are really people who make terrible mistakes.

14          Any of the sentence range we're talking about in

15  this case are, in effect, a life sentence for Mr. Dehate.  He

16  is a 51-year-old individual who has never been convicted of

17  any crime before in his life.

18          The nature of the crime is an anomaly in our

19  statutes in that it creates a 15-year mandatory minimum for a

20  case without a mens rea requirement, without a guilty mind

21  requirement, that somehow, because of the fear about these

22  types of charges, our Congress has said that you do not have

23  to prove an individual actually knew the age of the

24  individual who supposedly he was producing pornography of.

25          That is exactly what the jury was instructed.

22

*U.S.A. v. Dennis George DeHate*

1    That's exactly what they found Mr. Dehate guilty of, a

2    general intent crime for the production.

3          It was our position at trial that he never knew the

4    age of the girl.  The confession that the prosecution went

5    on, and on, and on in their summation about was based on a

6    question to him about whether she could have possibly been 13

7    or 14 well after any of these acts occurred.

8          I'm not here to re-litigate that case.  But, Your

9    Honor, the stakes for Mr. Dehate are tremendous.  Any

10   sentence over 30 years would classify him as a maximum

11   security facility, where he would be unable to receive any

12   type of rehabilitative treatment, a massive amount of time,

13   no rehabilitation, in a maximum security prison for an

14   individual who has never run afoul of the law before in his

15   life.

16         Anything under 30 years would enable him to receive

17   rehabilitative services, would allow him in a medium security

18   prison, where in reality his life would be less likely to be

19   in jeopardy than in a maximum security facility.  There is no

20   question about it.

21         I'm sure the Bureau of Prisons does the best they

22   can to protect individuals in a circumstance, but this is

23   something that is anathema to the rest of the prison

24   population.

25         That's why I'm asking the Court to consider a

*U.S.A. v. Dennis George DeHate*

1    sentence guideline under the sentencing -- under the

2    guidelines, closer to the 15-year.  At a 15-year sentence,

3    Mr. Dehate would be in the Department of the Bureau of

4    Prisons until he'd be mid-sixties, certainly no danger to

5    anyone on his release.

6           He certainly could be on supervised release,

7    certainly precautions could be placed on supervised release

8    which would prevent him from doing anything of this nature

9    again.

10          Even the nature of the charge itself, there was no

11   indication he was ever attempting to meet with this young

12   lady, that he was attempting to have her come meet him.

13          This was an internet transaction entirely.  It

14   doesn't make it right.  But it should be something to be --

15   to be distinguished from the case of an individual who

16   actually is filming somebody, producing the film, directing

17   them into sexual acts, that type of thing.

18          This is a different type of situation we have with

19   Mr. Dehate.  We're asking for the Court to take this into

20   account, take the --

21          THE COURT:  You're telling me that he didn't direct

22   her to do certain sexual acts?

23          MR. NELSON:  Not specifically.  He didn't direct her

24   how to do it or et cetera.  There was a comment about a

25   masturbation video.  As a matter of fact, there was a

*U.S.A. v. Dennis George DeHate*

1    discussion where --

2            THE COURT:  What about the flashlight?

3            MR. NELSON:  Well, that was in a discussion that

4    some other person had asked her to put something in her butt

5    and he said you absolutely should not do that.

6            We are asking the Court to be as lenient as possible

7    to Mr. Dehate due to the lack of criminal history, lack of

8    prior involvement of any type of illegal activity, and the

9    unusual circumstances, the way this whole set of transactions

10   occurred.

11           There was no other videos of any child pornography

12   on his phone, computer.  They were all seized, they were all

13   examined.  An individual usually who has a child pornography

14   problem, there would be hundreds of videos.

15           What we have in this case is, the only alleged

16   pornography is involving my client and MV1.  There was

17   discussions with supposedly -- who was supposedly under age,

18   but no alleged child pornography, not one other photograph of

19   alleged child pornography by any other individual.

20           So I would ask the Court to take this all into

21   consideration in forming an appropriate sentence.

22           THE COURT:  Okay.  I understand your argument.

23           Thank you.

24           Ms. Smith, is there anything you wish to say on

25   behalf of the government before I impose sentence?

*U.S.A. v. Dennis George DeHate*

1          MS. SMITH:  Your Honor, I would.  And this is going

2     to take two parts.

3          I have an allocution and then minor victim one's

4     father would like to be heard from this Court.

5          I'm going to start off with my allocution.  This is

6     a case that Your Honor has sat through the trial, so I don't

7     think I need to rehash all of the details.

8          But this is not even close to a mandatory minimum

9     type of case.  The nature and circumstances of this offense

10    warrant a significant sentence.

11         This defendant preyed on a lonely, depressed and

12    troubled child.  He knew she was 13 from the first day that

13    he met her online.  He knew she was fragile from everything

14    that she was telling him.

15         And he exploited her.  He exploited her by using

16    grooming techniques, by having her call him "daddy" and

17    putting himself in a position of authority, by telling her he

18    loved her and tricking her into thinking that they had a

19    romantic relationship.

20         This defendant crawled into this child's bed every

21    night through that phone, manipulated, coerced and enticed

22    this child, and still to this day he denies his conduct and

23    is not sorry that he did so.

24         The history and characteristics of this defendant

25    also warrant a significant sentence.  His lack of remorse

*U.S.A. v. Dennis George DeHate*

1    through all of this should be of great concern to this Court.

2    He denies that he ever made a confession.  He denies his

3    conduct.  And all of that makes him ripe for reoffending.

4         In addition to his behavior with minor victim one,

5    the evidence shows a strong sexual interest in children.

6    This is not, as the defendant would claim, a lonely old man

7    nearing a mutual divorce.  This is, make no mistake about

8    this, this relationship that he enticed with minor victim

9    one, was far from emotional equals seeking support of each

10   other.  This defendant worked and manipulated this child to

11   force her to engage in sex acts for him.

12        But it wasn't just minor victim one.  This court has

13   seen evidence from his chats with Amy where he specifically

14   encouraged her to engage in sex acts and take pictures.

15        This Court has seen evidence from his Experience

16   Project chats where he posed as his own daughter, where he

17   tried to engage young adolescents in sexual topics.  He

18   propositioned a woman to have sex with her seven-year-old

19   daughter.

20        And in these chats, he is relentless when this woman

21   fails to respond about meeting up in person.  In fact, day

22   after day, he says, "Where have you been?  How did you forget

23   about me?  Are you not talking to me anymore?  Hey, what's

24   up?  Long time no hear.  Hello?  Hello?  Can we talk?"

25        This is the woman who promised him that he could

27

*U.S.A. v. Dennis George DeHate*

1    have sex with her seven-year-old daughter.  And he was so

2    anxious to take the bait that he wouldn't let up.  This is

3    not a one-off, what he did with minor victim one.  This is a

4    sexual predator in need of deterrence.

5            With that, Your Honor, I would like to invite minor

6    victim one's father to come in and make his statement to the

7    Court.

8            (Restitution Hearing (Part One) follows)

9                        *       *       *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Restitution Hearing (Part One)*

```
 1                          *     *     *
 2              (Restitution Hearing (Part One) commences)
 3              THE COURT:  And I guess we're going to have a
 4   restitution hearing shortly and we will schedule that right
 5   at the end of this proceeding.  But Mr. Gamble was going to
 6   give us certain testimony, as I understand it, regarding
 7   restitution as part of the hearing we're having here today.
 8              MS. SMITH:  Yes, Your Honor.
 9              May I take your testimony before you make your
10   statement?  Would that be okay?
11              Would you like him to take the witness stand?
12              THE COURT:  Sir, would you like to come up and give
13   your full name to our court reporter, please?
14              THE WITNESS:  E-f-f-t-e-r, G-a-m-b-l-e.
15              **EFFTER GAMBLE, GOVERNMENT'S WITNESS, SWORN**
16              MS. SMITH:  Good afternoon, sir.  May I begin?
17              THE COURT:  Yes.
18              MS. SMITH:  Thank you.
19                          **DIRECT EXAMINATION**
20   BY MS. SMITH:
21   Q    Could you state your name for the record?
22   A    Effter Dion Gamble.
23   Q    And how are you related to minor victim one?
24   A    I'm her father.
25   Q    Did you testify in the trial against Dennis George Dehate
```

*Restitution Hearing (Part One)*

1    in January of 2016?

2    A    Yes.

3    Q    And consistent with your testimony, when did minor victim

4    one begin psychological therapy?

5    A    Shortly after we uncovered the incident.

6    Q    And when you say "incident," what do you mean?

7    A    The actions with the defendant on her phone.

8    Q    Had she been in therapy prior to you discovering the text

9    messages and the images on her phone?

10   A    She previously had one consultation with a therapist

11   before.  An assessment was done and we deemed her to be okay.

12   Q    And so what was the purpose of her therapy beginning in

13   July of 2014?

14   A    It was the result of this incident.

15   Q    And how frequently did minor victim one go to therapy?

16   A    She attends on a weekly basis.  For a while she attended

17   a weekly therapy session and she was also in a support group

18   for a while.  Unfortunately, the support group was

19   dismantled.

20   Q    I'm sorry, say that again?  The support --

21   A    The support group was dismantled.

22   Q    And was the cost of the counseling approximately $130 a

23   session?

24   A    Correct.

25          MS. SMITH:  May I approach the witness?

*Restitution Hearing (Part One)*

1           THE COURT:  Yes.  And will you mark that as Exhibit

2     One?

3           MS. SMITH:  Okay.

4     BY MS. SMITH:

5     Q    I'm going to show you what we're going to mark as

6     Government Exhibit One.

7           It is three pages from the Center for Therapy and

8     Counseling Services, LLC, and two pages that are entitled

9     "Statement of Account."

10          Do you recognize those?

11    A    Yes.

12    Q    Can you explain to the Court what those documents are?

13    A    Yes.  These are the invoices from her therapist, the

14    Center for Therapy.  The $70 charges and the $50 charges are

15    for her session with the therapist.  The $10 charges are the

16    copayments for the support group.

17          The therapist since left Center for Therapy, started

18    her own practice and these are the invoices with the

19    therapist.  So we wanted her to keep the same therapist.

20          MS. SMITH:  Thank you.  At this time I move to admit

21    Government's Exhibit One.

22          THE COURT:  Any objection?

23          MR. NELSON:  No objection.

24          THE COURT:  What's the total on the -- if you have a

25    total?  I can figure it out.

*Restitution Hearing (Part One)*

1              MS. SMITH:  Give me one second.

2              And for the record, Government's Exhibit One was

3    also attached as Exhibit B to the motion for restitution

4    request which is filed under seal.

5              Approximately $11,960.

6    BY MS. SMITH:

7    Q    Does that sound accurate, Mr. Gamble?

8    A    Yes.

9    Q    Have you had discussions with minor victim one's

10   therapist?

11   A    Yes.

12   Q    Has she offered an opinion to you as to how long she

13   should continue therapy?

14             MR. NELSON:  Objection, hearsay.

15             MS. SMITH:  Well, this isn't a trial.  It's --

16             MR. NELSON:  Well, I have no documentation

17   whatsoever.  It's still hearsay.

18             MS. SMITH:  I would ask the Court's indulgence on

19   these questions.

20             THE COURT:  I think for the purposes of this hearing

21   she can ask hearsay questions.

22             Now, it's my understanding, of course, if I am

23   incorrect, the restitution hearing will continue, and if you

24   have authority to show that I'm incorrect in my

25   understanding, then you can provide that to me at that time,

*Restitution Hearing (Part One)*

1       because I assume you have no authority right now.

2               MR. NELSON:  I do not.  I wasn't prepared for any

3       testimony about the therapist.  I didn't receive any

4       documentation that we'd be discussing what the therapist may

5       or may not have said.  Just that -- the bills.  That's all we

6       saw.

7               THE COURT:  Right.

8               MS. SMITH:  I would ask the Court's indulgence to

9       take this testimony of minor victim one's father, because he

10      has traveled here from New Jersey and he is on a flight back

11      at 7:00 tonight.

12              THE COURT:  Right, okay.  Go ahead.

13              MS. SMITH:  It's my understanding we will be allowed

14      to supplement the record to continue this restitution --

15              THE COURT:  We're just starting -- we're just doing

16      the first phase of this restitution hearing because

17      Mr. Gamble is obviously from out of town, New Jersey, and

18      obviously it cost him -- there was a lot of expense for him

19      to come in for trial and there was an expense for him to be

20      here today.  And we just don't want to cost Mr. Gamble and

21      his family anymore money because of this litigation.  Go

22      ahead.

23              MS. SMITH:  Thank you, Your Honor.

24      BY MS. SMITH:

25      Q   Has minor victim one's therapist offered you an opinion

*Restitution Hearing (Part One)*

1    as to how long she should continue therapy?

2           THE COURT:  What's the name of the therapist?

3           THE WITNESS:  Vida Allen.  Yes.

4    BY MS. SMITH:

5    Q    And what was her opinion?

6    A    She will be in therapy at least until she is 18.  We

7    expect her to be in therapy at least until 21 and for the

8    foreseeable future.

9           We -- to be quite candid, we are only now starting

10   to make progress.  There are still certain topics that we

11   have not broached, and she still has been unable to talk

12   about.

13          As her father, I can tell you she will be in therapy

14   for the foreseeable future.  It will take years in my opinion

15   to undo the damage that has been done.

16          MR. NELSON:  Objection, Your Honor.  He's not a

17   medical professional.

18          THE WITNESS:  But I am her father --

19          MS. SMITH:  Hold on.

20          THE WITNESS:  Excuse me.

21          THE COURT:  Sir, wait.

22          I understand your objection -- or your thought.  Go

23   ahead.

24          THE WITNESS:  May I say, though --

25          THE COURT:  We're good, we're good.

*Restitution Hearing (Part One)*

1  BY MS. SMITH:

2  Q   Mr. Gamble, how far of a drive is it to get to minor

3  victim one's therapy for her -- approximately what is the

4  distance from her house to the therapist?

5  A   It's about 60 miles.  We've subsequently moved from the

6  location where we lived when we first started going to the

7  therapist.

8  Q   When you say "60 miles," do you mean 60 miles one way?

9  A   Yes.

10  Q   And is she going to therapy every week?

11  A   Yes.

12  Q   And every week do you drive 60 miles to get to the

13  therapist?

14  A   Her mother takes her, picks her up from school and drives

15  to therapy, yes.

16  Q   And then you drive 60 miles back after the therapy

17  session is over?

18  A   Yes, yes.

19  Q   And is that because you want to keep consistency with her

20  therapist?

21  A   Yes.  She has made a connection with this therapist and

22  we did not want to uproot her and try to get everything again

23  with a new therapist.

24  Q   Has she changed her rates since she moved to a new

25  office?

*Restitution Hearing (Part One)*

1    A    No.

2              MS. SMITH:  I don't have any other questions, Your

3    Honor.

4              THE COURT:  Any questions on the restitution issue?

5              MR. NELSON:  Your Honor, I have no questions.

6         I would reserve possible testimony at the full

7    restitution hearing, presenting testimony or –– I would

8    request a full report from the psychologist.

9              THE COURT:  Okay.  You can let me know your thoughts

10   in advance of the hearing and please prepare a response to

11   the government's motion seven days prior to the hearing.

12   Okay.

13             MR. NELSON:  Correct, Your Honor.  I just received

14   their motion Monday night.

15             THE COURT:  Okay.  Sir, thank you very much.

16             (Restitution Hearing (Part One) concluded)

17                       *       *       *

18

19

20

21

22

23

24

25

*U.S.A. v. Dennis George DeHate*

1                          *       *       *

2              (Sentencing hearing resumes)

3              MS. SMITH:  At this time, Your Honor, I would like

4    Mr. Gamble to be able to make his statement.

5              THE COURT:  I apologize.

6              MS. SMITH:  And I would like him to be able to stand

7    here, rather than on the witness stand.

8              THE COURT:  Sure, wherever he wants.  I apologize.

9    Go ahead.

10             MS. SMITH:  You can come over here.  Thank you.

11             THE COURT:  You may proceed, sir.

12             MR. GAMBLE:  On behalf of my daughter, this entire

13   experience has been extremely traumatic for your entire

14   family.

15             What has been taken from her is her innocence.  She

16   has not been the same.  My daughter is 15 and she sleeps with

17   her mother on a nightly basis.  She still has nightmares.

18             Again, this is a topic that we have been unable to

19   have closure on.  We cannot -- we do not -- it's the white

20   elephant in the room.  We have therapy as a safe place to try

21   to move forward, but she is still not -- she is still

22   unprepared and unwilling to deal with this.  So as we try to

23   make progress, we know it's a topic that has to be discussed,

24   but she keeps saying she's not ready.

25             This has had a tremendous impact upon our entire

*U.S.A. v. Dennis George DeHate*

1   family.  To give you an example, my oldest daughter, who we

2   were very open with, she knows -- all she knows is her

3   sister's in therapy.  She does not know the details.  She

4   sees -- she's made the comment, "Brianna gets away with

5   things that I never got away with as a child."  She says it's

6   a completely different dynamic.

7          And again, it's because we are proceeding with such

8   caution as a result of this.  This defendant purposely and

9   willfully preyed upon her.  In my opinion, this is the

10  definition of a predator.  What he has taken from her can

11  never be restored.

12         And I would ask the Court to give him the maximum

13  penalty so that he can never be allowed to do this to another

14  child.  It is wrong.

15         And as far as my previous comment, we will have to

16  deal with this for years.  For years going forward we will

17  have to deal with this.  And I ask that the Court take that

18  into consideration and sentence him to the maximum allowable

19  under the law.  Thank you.

20         THE COURT:  How is she doing in school?  Because I

21  remember there were some issues with school.  How is she

22  doing in school?

23         MR. GAMBLE:  She's a B, C student.  The challenge

24  we're having now is algebra, so she was getting Ds in

25  algebra.  She has been able to bring that up to a C.  So

*U.S.A. v. Dennis George DeHate*

1    school-wise, she is doing okay.

2         THE COURT:  How about socially?  Does she have

3    friends at school or -- I mean, that was an issue back when

4    we were together for the trial.

5         MR. GAMBLE:  Socially is a challenge.  She eats

6    lunch in a classroom with three or four other students with

7    her English teacher.  She does not go to the cafeteria.

8    That's one of the things that we've been working on in

9    therapy in terms of trying to help her with her social skills

10   and get her involved.

11        We all clapped in therapy this past weekend because

12   she went to the movies to see Captain America with one of her

13   friends.  This is the first time that she has done something

14   like that.  So she is making slow progress, but progress in

15   the area of her social development.

16        THE COURT:  Okay.  Nothing I say is really going to

17   do anything to comfort you and your family in this incredible

18   tragedy that your family is involved in.  And unfortunately

19   for you and your family, it's not going to be over today or

20   tomorrow or the next day.

21        And doing what I've been doing now for 20 years, you

22   just might have to take a day at a time.  When you have a

23   good day, appreciate it, and when you have a bad day, just

24   ride that storm out.

25        But there's nothing anybody can say to make it any

*U.S.A.   v.   Dennis   George   DeHate*

1    easier.  And I don't know what to say to you because I have

2    not had to walk in your shoes, thank God.  So I don't want to

3    say anything more than I'm saying right now.

4            But I'm going to pronounce the sentence shortly.  I

5    know you're going to step out.  And think it's a good idea

6    you step out, because I'm going to be reciting some stuff

7    from the record that you didn't hear and you probably don't

8    want to hear.  But I know Ms. Smith is going to talk to you

9    in a little bit and she'll tell you what happened here today.

10           MR. GAMBLE:  Okay.  Thank you.

11           MS. SMITH:  Thank you, Your Honor.

12           THE COURT:  Okay.  Mr. Dehate, you have a right to

13   speak on your own behalf.  Is there anything you wish to say

14   to me before I impose sentence?

15           DEFENDANT DEHATE:  Yes, sir, I do.

16           I'm very sorry for what happened to Mr. Gamble and

17   his family.  I did not know the girl's age.  She told me she

18   was 19.  I never told the officers that she was anything less

19   than 19.  I never said anything like that.  When they asked

20   me how old she was, I said she was 19.

21           I said I had talked to a girl in Scotland that was

22   16.  I did not say it was Amy, because it wasn't.  I did not

23   say any of the things that she said in there.

24           I am innocent.  I did not know the girl's age.  At

25   all.  If you look, they said in the EP I know right from the

*U.S.A. v. Dennis George DeHate*

1    get-go how old she was, I was telling her to go seek therapy.

2    I don't think I would be doing that if I was trying to groom

3    a girl to have -- to make pornography for me.  I wouldn't be

4    saying, "Hey, go seek therapy."  I didn't do that.  And I did

5    not know it was the same person.  It was a different name.

6    I'm innocent of these charges.

7            THE COURT:  Okay.  Sir, a jury found you guilty on

8    January 15, 2016, Count One, production of child pornography;

9    Count Two, receipt of child pornography; Count Three,

10   possession of child pornography; Count Four, transfer of

11   obscene material to a minor; and Count Five, coercion and

12   enticement of a minor.

13           In a moment I'm going to impose a sentence

14   sufficient but not greater than necessary to comply with the

15   purposes set forth in 18 U.S.C. Section 3553(a).

16           I've considered the nature and circumstances of the

17   offense.

18           The investigation into this offense began on about

19   August 20, 2014 when Mr. Gamble walked into the FBI office in

20   Newark and informed agents that he had found communications,

21   to include sexually-explicit photographs and videos between

22   his 13-year-old daughter and you on her cellular phone.

23           Mr. Gamble gave the agents consent to examine the

24   phone, and doing so he found -- or they found numerous

25   messages between the minor victim and you.  And you went by

*U.S.A. v. Dennis George DeHate*

1    the names of Den D or Moparman 51 on these messages that were

2    observed to be starting on or about July 17, 2014.

3            The messages were sent via KIK or the KIK app.  The

4    agents observed that on July 18, 2014, you, through KIK, had

5    sent the minor a picture of your testicles, along with the

6    message, "My balls just for you.  I man-scaped today.  I

7    nicked myself with the trimmer and it didn't hurt, but boy,

8    did it bleed."

9            And then you asked the victim, "Do you think you

10   could make a video of you," being her, "pleasuring yourself,"

11   for him -- for you.

12           On the 19th of July, you asked her if she used the

13   KIK video.  And later that day, she sent you a topless

14   photograph of herself.  She sent you a video later that

15   evening depicting her masturbating.

16           You responded by requesting a longer video with an

17   additional sex act.

18           The agents located three videos on her phone sent by

19   you, one of which was you masturbating and of course the jury

20   saw that during the trial.

21           On the 13th of January, 2015, you were arrested.

22   You admitted to the agents and the officers involved on the

23   task force that you were communicating with her through KIK

24   and EP.

25           Sometime beginning June 2014, you asked her -- you

42

*U.S.A. v. Dennis George DeHate*

1    instructed her how to make sex videos for you.  A review of

2    your cellular telephone revealed not only the video of the

3    victim masturbating, but also eight to 12 images of the

4    victim that are clearly child pornography.

5         And prior to communications with her, you were found

6    to be in communication with a 16-year-old from Scotland.

7    And, in fact, you acknowledged her age, and even informed the

8    victim in this case that you had a daddy-daughter

9    relationship with this young lady, this girl in Scotland.

10        And that your chats were sexually explicit and

11   included instructions to the Scottish girl on how she should

12   prepare herself for anal intercourse.

13        You had two separate EP accounts.  One was Moparman,

14   M-o-p-a-r-m-a-n 51, in which you were yourself, and another

15   was K9 for Fun.

16        And the second account you posed as a 15-year-old

17   female named Andy who was in love with her father and tell

18   stories of her sexual desire for her father that began in

19   childhood.  The chats involved discussions of bestiality and

20   incest.  Not only is that a serious crime, it's a sick crime.

21        I've considered your history and your

22   characteristics.  You're 51.  You have one sister.  You're

23   divorced, two children, a son and a daughter.  High school

24   education.

25        You have been pretty much employed throughout your

43

*U.S.A.  v.  Dennis  George  DeHate*

1    whole life as a machinist up until the time of your arrest.

2          I've considered the need for the sentence imposed to

3    reflect the seriousness of the offense, and again, it is a

4    very serious offense, a troubling offense.  It is just so

5    sick it's hard to even talk about it.

6          To promote respect for the law and provide just

7    punishment for what you did.

8          And as Ms. Smith indicated, is significant to me, to

9    afford adequate deterrence to criminal conduct.

10          So the sentence you receive will be a sentence that

11    individuals like you, who prey on young girls and boys, have

12    an understanding of what they're getting themselves into by

13    these perverted, sick actions, these predatory actions.

14          To protect the public from further crimes by you.

15    And you are a predator.

16          To provide you with needed educational, vocational,

17    training, medical care or other correctional treatment in the

18    most effective manner.

19          I've considered the kinds of sentences available.

20    With respect to Count One, there's a mandatory minimum of 15,

21    the max is 30.

22          Count Two, there's a mandatory minimum of five, the

23    max is 20.

24          Count Three, the max is 20.

25          Count Four, the max is ten.

*U.S.A.  v.  Dennis George DeHate*

1          Count Five, there is a mandatory minimum of ten.

2     The max is life.

3          The guidelines, which, of course, are advisory, are

4     292 to 365.

5          So I've considered the kinds of sentences available

6     for this case.

7          And again, I've considered all the factors under 18

8     U.S.C. Section 3553(a) in imposing the sentence that I'm

9     going to impose upon you right now.

10          The jury found you guilty of Count One on

11    January 15, 2016, production of child pornography; Count Two,

12    receipt of child pornography; Count Three, possession of

13    child pornography; Count Four, transfer of obscene material

14    to a minor; Count Five, coercion and enticement of a minor.

15          Pursuant to the Sentencing Reform Act of 1984, the

16    Court, considering the sentencing guidelines which I've

17    stated on the record and the factors contained in 18 U.S.C.

18    Section 3553(a), which I've also stated on the record, I

19    hereby commit you to the custody of the United States Bureau

20    of Prisons for a term of 360 months for Count One.

21          For Counts Two and Three, 240 months; Count Four,

22    120 months; Count Five, 365 months.

23          Your convictions as to Counts One through Five will

24    run concurrent to each other.

25          Upon release from imprisonment you shall be placed

*U.S.A. v. Dennis George DeHate*

1    on supervised release for a term of ten years on each count,

2    concurrent.

3         It's further ordered that you must pay a special

4    assessment of $500 which is due immediately.

5         I'm waiving the imposition of a fine, the cost of

6    incarceration, the cost of supervision due to your lack of

7    financial resources as we understand.

8         Restitution will be determined after the conclusion

9    of the restitution hearing, which we will give you a date

10    after I complete this hearing.

11         While in custody, you shall participate in the

12    inmate financial responsibility program.  I'm aware of the

13    requirements of this program, and approve the payment

14    schedules of this program, and hereby order your compliance.

15         Mandatory drug testing is suspended, and that I

16    believe you're a low risk of substance abuse.

17         While on supervision, you shall abide by the

18    standard conditions as adopted by the United States District

19    Court for the Eastern District of Michigan and shall comply

20    with the following special conditions due to the nature of

21    this offense.

22         The following special conditions are imposed:  You

23    shall successfully complete any sex offender diagnostic

24    evaluations, treatment or counseling programs and polygraph

25    examinations as directed by your probation officer.

*U.S.A. v. Dennis George DeHate*

1          Reports pertaining to sex offender assessments,

2    treatment and polygraph examinations shall be provided to

3    your probation officer.  Based on your ability to pay, you

4    shall pay the cost of diagnostic evaluations, treatment or

5    counseling programs and polygraph examinations at an amount

6    to be determined.

7          You shall comply with the requirements of the Sex

8    Offender Registration and Notification Act as directed by

9    your probation officer, the United States Bureau of Prisons,

10   and any state sex offender registry agency in which you

11   reside, work or a student, or were convicted of a qualifying

12   offense.

13         You shall not have any contact of any kind with

14   children under the age of 18 without prior approval of your

15   probation officer.

16         You shall not frequent places where children

17   congregate on a regular basis, such as schools, playgrounds,

18   toy stores, arcades.

19         You shall not purchase, sell, view or possess images

20   or any other media -- any form of media or live venue that

21   depict pornography, sexually-explicit conduct, child erotica

22   or child nudity.

23         You shall not patronize any place where such

24   material or entertainment is available.

25         You shall have all employment preapproved by the

*U.S.A. v. Dennis George DeHate*

1   probation department.

2       If your employment requires use of a computer, you

3   shall notify the employer of the nature of your conviction

4   and this notification must be confirmed by your probation

5   officer.

6       You shall not be employed at or participate in any

7   volunteer activities that include contact with children under

8   the age of 15 -- under the age of 18, without prior approval

9   by the probation officer.

10       You shall have all residences preapproved by the

11   probation department.  You shall not live in a residence

12   where children under the age of 18 reside without prior

13   approval of the probation officer.

14       You should notify anyone you date or marry with a

15   minor child under the age of 18 of your conviction.  I don't

16   think it's going to be an issue in your case.

17       You shall submit your person, residence, office,

18   vehicles, papers, business or place of employment, and any

19   property under your control to a search.  Such a search shall

20   be conducted by a United States probation officer at a

21   reasonable time and in a manner based upon a reasonable

22   suspicion of contraband or evidence of a violation of

23   condition of release.

24       Failure to submit to such a search may be grounds

25   for revocation.

*U.S.A. v. Dennis George DeHate*

1          You shall warn any residents that the premises shall
2     be subject to searches.
3          You shall provide your probation officer with
4     accurate information about all computer systems, all
5     passwords, internet service providers that you have potential
6     or reasonable access to, and abide by all rules of the United
7     States Probation Department's computer monitoring program.
8          You shall only access a computer approved by the
9     United States Probation Department.
10          You shall consent to the probation officer
11     conducting periodic unannounced examinations of all computer
12     systems, which may include computer monitoring software, at
13     your expense, for the purpose of accounting for all
14     computers, hardware, software and accessories.
15          You shall submit your person, residence, computer
16     and/or vehicle to a search conducted by the United States
17     Probation Department at a reasonable time and manner.
18          You shall inform any other residents that the
19     premises and your computer may be subject to a search
20     pursuant to this condition.
21          You shall provide the probation officer with access
22     to any requested financial information, including billing
23     records, telephone, cable, internet, satellite, et cetera.
24          You shall not have contact, directly or indirectly,
25     with any victim or witnesses in this offense, unless approved

*U.S.A. v. Dennis George DeHate*

1    by your probation officer.

2          You shall only have access to the internet through

3    one internet-capable device.  All other internet-capable

4    devices, such as cellular phones and gaming consoles, shall

5    not have the internet connection.

6          You are prohibited from accessing any online

7    computer service at any location, including, but not limited

8    to, public libraries, internet cafés and places of employment

9    or education without the permission of your probation

10   officer.

11         You shall not own or possess a camera, photographic

12   device and/or equipment, including video recording equipment,

13   without prior approval of your probation officer.

14         You shall not rent a post office box or a storage

15   unit without prior approval of the probation officer.

16         Due to a potential order of restitution, we will set

17   up a payment schedule for restitution at a rate and schedule

18   approved by me.

19         You shall not incur any new credit charges or open

20   additional lines of credit without approval of your probation

21   officer.

22         And you shall provide your probation officer with

23   access to any requested information.

24         So why did I give you the sentence that I gave you

25   in this case?  We heard the testimony of the witnesses.  We

*U.S.A. v. Dennis George DeHate*

1    saw the exhibits.  You are a predator.  You have no right to

2    be in society.

3           You prey upon the most vulnerable of children, not

4    only children, but the most vulnerable of children, children

5    that have severe self-esteem issues, mental health issues,

6    trouble adjusting to the very difficult worlds they live in

7    as preteens and teens.

8           This sentence holds you accountable for your actions

9    and will hopefully deter others from engaging in the same

10   type of sick, sick predatory conduct.  And that's some of the

11   reasons, besides the 3553(a) factors and reasons that I've

12   stated on the record.

13          Mr. Dehate, do you understand that you are entitled

14   to appellate review of your conviction and sentence?

15          DEFENDANT DEHATE:  Yes, I do.

16          THE COURT:  And if you wish to appeal this

17   conviction and sentence, you must do so within 14 days.

18          Did you hear what I just said?

19          DEFENDANT DEHATE:  Yes.

20          THE COURT:  And if you wish to appeal this

21   conviction and sentence, you must do so -- strike that.

22          If you wish to appeal this conviction and sentence,

23   I would suggest you discuss this issue immediately with your

24   attorney, Mr. Nelson.

25          Did you hear what I said?

*U.S.A. v. Dennis George DeHate*

 1          DEFENDANT DEHATE:  Yes.

 2          THE COURT:  If you cannot afford to hire an attorney

 3  to represent you on appeal, you need to file the necessary

 4  indigent paperwork immediately with the clerk of the court.

 5          Did you hear what I just said?

 6          DEFENDANT DEHATE:  Yes.

 7          THE COURT:  Ms. Smith, any other sentencing issues?

 8          MS. SMITH:  No, Your Honor.  I do have two

 9  housekeeping matters, if I may.

10          THE COURT:  Fire away.

11          MS. SMITH:  The first one has to do with forfeiture.

12  I understand the Court has entered a preliminary order of

13  forfeiture, but we would ask that the judgment include

14  forfeiture of one Samsung Galaxy S2, model SPHD710 cell

15  phone.  And we will submit the proper language for the

16  judgment to the Court for that.

17          THE COURT:  Any objection, Mr. Nelson?

18          MR. NELSON:  No objection.  We would ask, Your

19  Honor, that it be held for evidence if there is a potential

20  appeal on this matter.

21          MS. SMITH:  It will be held, Your Honor.

22          THE COURT:  Okay.

23          MS. SMITH:  The second issue is on behalf of the

24  family.  I would ask the judgment include a no contact order

25  for minor victim one, "no contact" being defined as no

                                                            52

*U.S.A. v. Dennis George DeHate*

1    contact directly with minor victim one and no attempts to try

2    and contact her through third parties.

3              THE COURT:  I will do that.

4              MS. SMITH:  Thank you.

5              THE COURT:  Any other sentencing issues, Mr. Nelson?

6              MR. NELSON:  Yes, Your Honor.  I heard the Court's

7    instruction to my client regarding appeal.  He has indicated

8    to me that he does wish to appeal and he is wishing to raise

9    ineffective assistance of counsel.

10             If the Court would give me guidance as to whether I

11   should file the notice of appeal form, discuss with him

12   notice of appeal or how I should handle that, this situation?

13             THE COURT:  Yeah, we will give him a notice of

14   appeal right now that he can file.

15             MR. NELSON:  I would appreciate that, Your Honor, so

16   I'm not --

17             THE COURT:  As to the other issues, that's something

18   you and your client need to work out.

19             And Ms. McCoy just handed the notice to Mr. Dehate

20   and Mr. Nelson.

21             (Brief pause in proceedings)

22             THE COURT:  Is he done?

23             MR. NELSON:  He is, Your Honor.

24             We request that I be allowed to withdraw if a new

25   Court-appointed counsel be --

*U.S.A. v. Dennis George DeHate*

1          THE COURT:  I have no motion in front of me.  That

2     would have to be in writing, which is my policy.

3          All right, any objection to the sentence by the

4     government?

5          MS. SMITH:  No, Your Honor.

6          THE COURT:  Any objection to the sentence by the

7     defense?

8          MR. NELSON:  Nothing other than what was on the

9     record, Your Honor.

10          THE COURT:  Okay.  You're referring specifically to

11     the objections to the presentence report that we covered, and

12     those would be your only objections, is that correct?

13          MR. NELSON:  That's correct, Your Honor.

14          THE COURT:  Okay.  Thank you.

15          MS. SMITH:  Thank you, Your Honor.

16          THE COURT:  Restitution hearing is going to be?

17          DEPUTY COURT CLERK:  June 24th at 9:30 a.m.

18          MS. SMITH:  Thank you.

19          MR. NELSON:  Thank you, Your Honor.

20          DEPUTY COURT CLERK:  Court is in recess.

21          (Court in recess at 3:55 p.m.)

22                    *      *      *

23

24

25

*U.S.A. v. Dennis George DeHate*

1

2

3

4

5

6

7

8

9

10

11

12

13

14                          **C E R T I F I C A T I O N**

15          I, Marie J. Metcalf, Official Court Reporter for the

16   United States District Court, Eastern District of Michigan,

17   Southern Division, appointed pursuant to the provisions of

18   Title 28, United States Code, Section 753, do hereby certify

19   that the foregoing is a correct transcript of the proceedings

20   in the above-entitled cause on the date hereinbefore set

21   forth.

22          I do further certify that the foregoing transcript

23   has been prepared by me or under my direction.

24   s\Marie J. Metcalf                          05-22-16

25   Marie J. Metcalf, CVR, CM                   (Date)