UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.	Case No. 15-20037

Dennis George DeHate,	Sean F. Cox
	United States District Court Judge

    Defendant.
_____/

**MEMORANDUM OPINION REGARDING
MOTION TO WITHDRAW,
MOTION FOR EXPERT, AND
DETERMINATION OF RESTITUTION TO MV-1**

    The Court was scheduled to continue a restitution hearing in this matter on June 24, 2016.  Before doing so, however, the Court considered two motions filed by the defense: 1) a motion for Mitchell Nelson to withdraw as counsel; and 2) a motion asking the Court to appoint an expert psychologist to examine the minor victim and/or order her to provide her psychological records to the defense so that an expert could evaluate them.  For the reasons set forth below, this Court denied Mr. Nelson's Motion to Withdraw to the extent that the Court ruled that Mr. Nelson would continue to represent Defendant during the restitution hearing.  The Court also denied
the defense's motion asking for an expert to examine the minor victim or order her to provide her psychological records so that they can be examined by others.  After doing so, the Court proceeded with the restitution hearing as scheduled.  The Court now sets forth its determination regarding restitution owed to the minor victim in this case, "MV-1."  The Court finds that the

government has established, by a preponderance of the evidence, that due to Defendant's criminal conduct: 1) MV-1 has already incurred $4,853.00 in actual psychological therapy costs; and 2) MV-1 will need continued psychological therapy until she reaches 21 years of age. Thus, the Court will order restitution to MV-1 in the total amount of $45,413.00.

## BACKGROUND

Defendant Dennis George DeHate ("Defendant" or "DeHate") was charged with various child pornography offenses in this action.

Counsel was appointed for DeHate. His original counsel was Nancy McGunn, who entered her appearance on January 27, 2015. The docket reflects that Andrew Wise, also at the Federal Defender Office, entered his appearance on behalf of DeHate on May 11, 2015.

At a status conference held on May 11, 2015, however, DeHate expressed that he was unhappy with his appointed counsel and requested that a new attorney be appointed to represent him. That request was granted and, on May 14, 2015, Mitchell Nelson was appointed to represent DeHate.

DeHate proceeded to a jury trial. At trial, MV-1's father testified. MV-1's father testified that MV-1 was fifteen years old at the time of trial. From 2005 to 2009, the family lived overseas, in Singapore. MV-1 had difficulty adjusting to moving back to the states and going to school here. MV-1 also suffered from asthma and several allergies. The treatments for those ailments caused her hair to fall out and she had spotted patches on her skin. Children at school bullied MV-1, calling her "Dalmatian." The steroid medications also caused MV-1 to gain weight, which added to the problem. All of this put MV-1 in a fragile mental state and at one point MV-1 attempted suicide. This was all prior to the events in question involving DeHate.

After the family discovered the events with DeHate, the family got MV-1 into counseling immediately.  MV-1's father testified that the events with DeHate were devastating to MV-1 and that she was still in therapy as of the date he testified at trial.

The jury ultimately found DeHate guilty as to all five counts (production of child pornography, receipt of child pornography, possession of child pornography, transfer of obscene material to a minor, and coercion and enticement of a minor).

Sentencing was set for May 18, 2016.  The Presentence Report stated as follows as to restitution:

> Restitution
>
> 101.   Statutory Provisions: Pursuant to 18 U.S.C. § 3663A, restitution, in an amount to be determined, shall be ordered in this case.  However, by the completion of the presentence report, the probation department had not obtained specific victim information.  Pursuant to 18 U.S.C. § 3664(d)(5), if the victim's losses are not ascertainable by the date that is ten days prior to sentencing, the Court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.
>
> 102.   Guideline Provisions: Restitution shall be ordered.  USSG §5E1.1

(PSR at 15).

**Government's May 12, 2016 Position**

On May 12, 2016, the Government filed, under seal, the "Government's Position Regarding Restitution."  In that sealed filing, the Government set forth its basic position on restitution in this matter.  The Government noted that it is difficult to predict the future counseling needs of the minor victim (M-1).  It noted that in *Baker*, a district court in Texas determined that a $150,000 floor would be appropriate for victims like MV-1.  *United States v. Baker*, 672 F.Supp.2d 771 (E.D. Tex. 2009).

The Government stated that MV-1 "is without financial resources to hire a large law firm and obtain extensive psychological evaluations to submit to the Court." (Govt's 5/12/16 Position Stmt. at 4). It noted that, in a prior case before Judge Cleland, the Government sought the advice of the Michigan Child Advocacy Law Clinic regarding what types of therapy a child victim may need going forward. That report was attached as Exhibit C.

The Government also submitted invoices for actual counseling that MV-1 has received, which total $4,853.00 ($4,083.00 plus $770.00).

From all of these materials, the Government put together an itemized table of various types of counseling or expenses, such as transportation and medication, that MV-1 could potentially incur over time. The total is $231,180.00.

### Sentencing And Limited Restitution Testimony

This Court imposed sentence on May 18, 2016. On that same date, counsel for the Government asked the Court to allow the minor victim's father, who was present at sentencing to address the Court regarding sentencing, to give testimony relating to restitution. The Government asked that the Court allow that in order to avoid the minor victim's father from traveling here from New Jersey again for the restitution hearing.

MV-1's father was examined by the Government and cross-examined by Defense Counsel, on May 18, 2016. (*See* 5/18/16 Tr. at 29). He testified that MV-1 starting receiving counseling right after they discovered the interactions with DeHate, the beginning of July of 2014. MV-1 currently attends therapy on a weekly basis, and the cost is $130.00. She has also participated in group therapy. He testified that MV-1's therapist has advised that she will be in therapy at the very least until she is 18, but would expect her to need therapy until she is 21 and

also for the foreseeable future. He testified that MV-1 has to travel 60 miles each way to therapy sessions, but gave no testimony to quantify the transportation costs incurred.

**Judgment, Notice Of Appeal, and Motion For Withdrawal of Counsel**

On May 18, 2016, DeHate filed a Notice of Appeal. (Docket Entry No. 80).

On May 24, 2016, Nelson filed a "Motion for Withdrawal of Counsel" (Docket Entry No. 83) wherein he states that his relationship with his client has broken down and that DeHate requested that he file a motion to withdraw. DeHate's affidavit indicates that he wants Nelson to withdraw because Nelson told him he could not ethically raise ineffective assistance-of-counsel claims on direct appeal if he were to represent him. It does *not* state that DeHate objects to Nelson representing him at the upcoming restitution hearing.

A Judgment was entered on June 1, 2016, but it indicates that a restitution hearing will be held at a later date. (Docket Entry No. 85).

The Sixth Circuit has appointed new counsel for purposes of DeHate's direct appeal, so Nelson will not be representing DeHate in connection with his appeal.

**The Upcoming Restitution Hearing**

In order to allow the Court to prepare for the June 24, 2016 restitution hearing, on June 14, 2016, the Court issued an order requiring the parties to file witness and exhibit lists, along with a position statement regarding restitution, by June 17, 2016 at 9:00 a.m. (Docket Entry No. 87).

In response, on June 16, 2016, Counsel for DeHate filed: 1) "Motion for Appointment of Child Psychologist for the Defense" (Docket Entry No. 90); and 2) a witness and exhibit list for the defense, that indicates Defendant has no witnesses or exhibits, unless the Court grants his

motion for an expert.

The Government filed, under seal, its "Supplemental Memorandum Regarding Restitution," wherein it again asks the Court to award restitution in the amount of $231,180 for MV-1. The Government states that it does not intend to call additional witnesses at the restitution hearing. Instead, the Government states that it relies on the following exhibits: 1) "All exhibits admitted at trial in this case;" 2) the transcript of MV-1's father's trial testimony; 3) the transcript of his testimony at sentencing," as well as his victim impact statement (Ex. B);" 4) an "Exhibit of MV-1's psychologist billings, admitted at the sentencing hearing, and attached as Ex. B to the government's prior memorandum and brief regarding restitution;" 5) the Affidavit of Martha J. Finnegan, MSW LCSW (FBI) (Ex. C);" and 6) "Prior memorandum and brief regarding restitution, filed under seal on May 13, 2016."

The Affidavit of Finnegan is attached as Exhibit C to the Government's Supplemental Memorandum. It states that Finnegan is a "Child/Adolescent Forensic Interviewer (CAFI) for the Federal Bureau of Investigation (FBI), [and] was asked to remark on the need for BG, victim in U.S. v. DeHate, to have access to long-term counseling." (*Id*. at 1). She has a Master's Degree in Social Work and is a Licensed Certified Social Worker. She has been a CAFI with the FBI for 15 years. Finnegan forensically interviewed MV-1 on December 14, 2015, in New Jersey. MV-1 was 15 years old at that time. Finnegan opines that "in order to heal emotionally from the exploitation experience perpetrated by defendant DeHate, [MV-1] will need access to long term counseling." (*Id*. at 2).

## ANALYSIS

**I.    The Court Denied Defense Counsel's Motion To Withdraw**.

On May 24, 2016, Nelson filed a "Motion for Withdrawal of Counsel." (Docket Entry No. 83). The Court heard this motion on June 24, 2016, at which time it denied the motion.

Nelson is the third lawyer that has been appointed to represent DeHate. There are timeliness concerns with Nelson's request to withdraw prior to finishing the restitution hearing. Nelson asked to be permitted to withdraw just thirty days prior to the scheduled restitution hearing on June 24, 2016, *that had already began on the date of sentencing, with Nelson representing DeHate.* As this Court explained on the record, as trial counsel who was present for the trial testimony of MV-1's father, and as defense counsel who represented DeHate at the restitution hearing wherein MV-1's father testified, and as counsel who reviewed the Government's original position statement regarding restitution and its exhibits, Mr. Nelson is very familiar with the issues and able to represent DeHate's interests at the continued restitution hearing. To bring in a new attorney at this late stage, especially when neither side was going to present any witnesses at the continued hearing, would unnecessarily delay these proceedings.

The extent of the conflict also impacted this Court's decision to deny the motion. In the motion, Nelson stated that his relationship with his client has broken down and that DeHate requested that he file a motion to withdraw. But DeHate's affidavit indicates that he wants Nelson to withdraw because Nelson told him he could not ethically raise ineffective assistance-of-counsel claims on direct appeal if he were to represent him, and that DeHate wishes to pursue those issues on direct appeal. Neither the motion nor the affidavit from DeHate indicate that DeHate objects to Nelson representing him for purposes of the continued restitution hearing.

Accordingly, under these circumstances, this Court denied the Motion to Withdraw to the extent that the Court ruled that Mr. Nelson was to continue representing DeHate for purposes of

concluding the restitution hearing.[1]

## II.     The Court Denied Defendant's Motion For Appointment Of Child Psychologist.

Just five business days prior to the scheduled restitution hearing, Counsel for DeHate filed a Motion for Appointment of Child Psychologist (D.E. No. 90) wherein he requests that the "Court appoint an expert child psychologist to either interview MV 1 in person to prepare an independent evaluation of the amount and length therapy that would be required to recover from the injury that was proximately caused by Defendant, DeHate's criminal activity, or in the alternative allow the appointed child psychologist to review all psychological evaluations to give his/her separate opinion as to the length and amount of therapy needed." (*Id*. at 7).

Defendant's motion does not identify any expert psychologist that Defendant wishes the Court to appoint. Moreover, the motion and brief do not contain any legal authority whatsoever supporting the request.

In the supporting brief, defense counsel suggested that he may argue that MV-1 had pre-existing psychological issues prior to the events at issue in this criminal case and that the criminal conduct was therefore not the proximate cause of her future therapy needs.

As the Government noted in its response, such an argument ignores the eggshell-plaintiff theory of damages. "Indeed, the defendant chose this particular victim *because* she was vulnerable and suffered from depression." (Govt.'s Resp. Br. at 9-10) (emphasis added). And the Government does not dispute that MV-1 suffered from depression and other issues prior to DeHate's criminal conduct. To the contrary, they elicited such testimony from MV-1's father.

---

[1] The Sixth Circuit has allowed Nelson to withdraw for purposes of DeHate's direct appeal. DeHate will, therefore, have new appellate counsel appointed for him, who may raise any ineffective-assistance-of-trial-counsel claims that DeHate wishes to pursue.

The Government's argument, which this Court finds very persuasive, is that DeHate is still the proximate cause of MV-1's damages because his criminal conduct exacerbated pre-existing psychological problems.

The Government's response brief also strenuously opposed DeHate's motion to have MV-1 examined by a defense-retained psychologist or have her ordered to turn over her psychological records to the defense. The Government's brief explained why it believes such relief should not be ordered.

But the Court concludes that it need not look any further than the statute itself – which expressly provides that "No victim shall be required to participate in any phase of a restitution order." 18 U.S.C. § 3664(g)(1); *see also United States v. Bour*, 2015 WL 58761 (N.D. Indiana 2015) (rejecting defendant's position that government's expert psychologist should have conducted a forensic interview in order to support opinion on restitution, and noting that § 3664(g)(1) provides that no victim shall be ordered to participate in any phase of a restitution order.). The Court concludes that the statute prohibits this Court from ordering the minor victim from being examined by a psychologist hired by the defense, and prohibits this Court from ordering the minor victim to turn over her medical and/or psychological records to the defense.[2] As a result, this Court denied the motion on the record at the June 24, 2016 hearing.

**III.     The Court Awards Restitution To MV-1 In The Total Amount Of $45,413.00.**

"The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2250, was enacted for the purpose of compensating the victims of offenses involving the sexual

---

[2]Moreover, even if this Court had the discretion to grant such relief, it would not do so under the circumstances presented here.

9

exploitation of children." *United States v. Evers*, 669 F.3d 645, 657 (6th Cir. 2012). The Act provides that "[n]otwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter." 18 U.S.C. § 2259(a).

The order of restitution "shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the Court" which includes any costs incurred by the victim for: 1) medical services related to physical, psychiatric, or psychological care; 2) physical and occupational therapy or rehabilitation; 3) necessary transportation, temporary housing, and childcare expenses; 4) lost income; 5) attorneys' fees, as well as other costs incurred; and 6) any other loss suffered by the victim as a proximate result of the offense. 18 U.S.C. § 2259(b)(3).

Under the Act, restitution is mandatory and the Court may not decline to issue an order because of either the inability of the Defendant to pay or the fact that the victim has, or is entitled to, receive compensation for his or her injuries from insurance proceeds or another source. 18 U.S.C. § 2259(b)(4). Thus, this Court must award restitution even if DeHate has no assets or ability to pay a restitution award.

"Under 18 U.S.C. § 2259, a district court must award restitution to child-pornography victims in the 'full amount of the victim's losses' proximately caused by the offense." *United States v. Reynolds*, 626 F. App'x 610, 620 (6th Cir. 2015) (Citing *Paroline v. United States*, 134 S.Ct. 1710, 1722 (2014)).

Here, there can be no serious dispute that MV-1 is a victim within the meaning of the act or that her losses are proximately caused by DeHate's criminal conduct. Proximate cause is

typically at issue in cases where the defendant is one of many "end-users" of child pornography that is made by others but viewed and/or shared by the defendant, thereby exacerbating the injury caused by the child pornography creator. *Reynolds* was such a case. Unlike such cases, this case involves the *actual abuser and producer* of the child pornography.

Defense counsel suggests that proximate cause is not established here because MV-1 had some pre-existing psychological issues and they are the reason that MV-1 requires therapy. The Court rejects those arguments because of the eggshell-plaintiff theory of damages. That is, even if MV-1 had some pre-existing psychological problems, you take your plaintiff as you find her and are liable for increasing or exacerbating such damages. Here, DeHate intentionally preyed upon a vulnerable child who had issues with depression and coping with physical ailments and thereby exacerbated her psychological problems.

That leaves only the amount of restitution to be determined. As Judge Robert Cleland noted in *United States v. Miller*, there is no easy way to determine the amount of the losses sustained by minor victims of child-pornography crimes:

> It is extremely difficult to quantify the loss sustained by these minor victims. As one court pointed out, "the resources often available to the parties and the Court in a full blown trial are simply not available in this type of criminal proceeding." *United States v. Baker*, 672 F. Supp. 2d 771, 777 (E.D. Tex. 2009). Moreover, as in this case, the victims of these horrific crimes often lack the financial resources to obtain counsel and experts to put forth fulsome proof of their current and future losses. The statute, however, mandates that the defendant pay the "full amount" of "any costs...for physical, psychiatric, or psychological care." 18 U.S.C. § 2259(b). Additionally, the Sixth Circuit and other circuits have recognized that "[s]ection 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Evers*, 669 F.3d 645, 656 (6th Cir. 2012) (quoting *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999)).

*United States v. Miller*, 2015 WL 6689363 (E.D. Mich. 2015).

Here, the Government asked the Court to award a total of $231,180.00 in restitution. The Government included a table in its original position statement that includes amounts for: 1) actual counseling MV-1 has received thus far; 2) future individual counseling that MV-1 may need during the next forty years; 3) family therapy she may need over the next twenty years; 4) relationship therapy she may need for a thirty-year period in the future; 5) transportation costs over her lifetime; and 6) medication costs over her lifetime.

The Court finds that the government has established, by a preponderance of the evidence, that, due to DeHate's criminal conduct, MV-1 has already incurred $4,853.00 in actual psychological therapy costs. (*See* Exhibit B to the Government's May 12, 2016 position statement).

The Court further finds that the government has established, by a preponderance of the evidence, that, due to DeHate's criminal conduct, MV-1 will require future individual psychological therapy sessions until she reaches 21 years of age. The Court concludes that the amount of such future counseling totals $40,560.00 ($130.00 per week for a period of six years).

The Court declines to award restitution for several categories of victim losses claimed by the Government because the Government did not establish by a preponderance of the evidence that MV-1 would incur such losses in the future. For example, the Government sought $15,000.00 in future medication costs, and $42,000.00 for future family therapy costs. But no evidence was presented to this Court that MV-1 has ever been prescribed any medications such as anti-depressants or anti-anxiety medications, or that she or her family have participated in any family therapy sessions, much less that she would incur such losses in the future.

Accordingly, the total amount of restitution awarded to MV-1 is $45,413.00.

## CONCLUSION

For the reasons set forth above, this Court DENIED Defendant's Motion to Withdraw, to the extent that the Court ruled that Mr. Nelson would continue to represent Defendant during the restitution hearing. The Court also DENIED the defense's motion asking for an expert to examine the minor victim or order her to provide her psychological records so that they can be examined by others. After doing so, the Court proceeded with the restitution hearing and the Court now RULES that the total amount of restitution awarded to MV-1 is $45,413.00. An AMENDED JUDGMENT shall be issued to reflect the restitution award.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: June 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2016, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager