UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff/Respondent,

v.                                                                      Criminal Case No. 15-20037
                                                                        Civil Case No. 18-12746
Dennis George DeHate,
                                                                        Sean F. Cox
       Defendant/Petitioner.                          United States District Court Judge

_____/

**OPINION & ORDER**
**DENYING PETITIONER'S § 2255 MOTION**

This is a habeas petition made pursuant to 28 U.S.C. § 2255.  Petitioner Dennis George

DeHate ("DeHate") filed his habeas petition acting *pro se*, asserting that he is entitled to relief

from his convictions and sentences for production of child pornography and related offenses,

based on the ineffective assistance of his trial and appellate counsel.  After the matter was fully

briefed, this Court determined that an evidentiary hearing was warranted with respect to two of

DeHate's claims, and appointed counsel for him for purposes of that hearing.  That evidentiary

hearing was held on September 27, 2021.  Thus, DeHate's petition is now ripe for a decision by

this Court.  For the reasons that follow, DeHate's § 2255 petition is DENIED and this Court

declines to issue a certificate of appealability.

**BACKGROUND**

**A.**    **Procedural Background**

On January 13, 2015, the Federal Bureau of Investigation ("F.B.I.") executed a search

warrant at DeHate's home.  DeHate gave a post-*Miranda* interview with officers while at his

home and was arrested that same day.

Dehate was charged with: 1) Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (Count One); 2) Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Two); 3) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three); 4) Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470 (Count Four); and 5) Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count Five).

DeHate was originally represented by attorneys Nancy McGunn and Andrew Wise from the Federal Defender Office.  On May 14, 2015, new counsel was appointed for DeHate, at his request, and attorney Mitchell Nelson began representing DeHate.

DeHate proceeded to a jury trial that began on January 13, 2016.  The jury ultimately found DeHate guilty as to all five counts.

This Court sentenced Dehate to a 360-month prison term for producing child pornography, 240-month terms for receiving and possessing child pornography, a 120-month term for transferring obscene material to a minor, and a 365-month term for coercing and enticing a minor, to run concurrent.  This Court also sentenced DeHate to five concurrent ten-year terms of supervised release.

Following a restitution hearing, during which DeHate continued to be represented by his trial counsel, this Court issued an Amended Judgment, that included an award of restitution to DeHate's minor victim.

DeHate was represented by new counsel on appeal.  DeHate raised the following arguments in his direct appeal: 1) his convictions for possessing and receiving child pornography violated his double-jeopardy rights; 2) his 240-month sentence for possessing child pornography

2

exceeded the statutory maximum sentence; 3) the district court exceeded its statutory authority by imposing a ten-year term of supervised release for his conviction for transferring obscene material to a minor; and 4) his sentence is substantively unreasonable. "The government concede[d] error as to the first three grounds for relief," and the Sixth Circuit vacated "DeHate's conviction and sentence for possessing child pornography and the ten-year term of supervised release that was imposed for his conviction for transferring obscene material to a minor in violation of 18 U.S.C. § 1470" and remanded the case to this Court "for the limited purpose of dismissing the charge for possessing child pornography, reducing the special assessment to $400, and imposing a lawful term of supervised release for the conviction under § 1470," and affirmed the judgment "in all other respects." *United States v. DeHate*, Case No. 16-1685 (6th Cir. Jan. 23, 2018).

Following remand, this Court issued an Amended Judgment on June 21, 2018 (ECF No. 106), sentencing DeHate to 360 months imprisonment on Count 1, 240 months on Count 2, 120 months on Count, and 365 months on Count 5, with all counts to run concurrent.

**B.    DeHate's § 2255 Petition And Factual Findings From Evidentiary Hearing**

On September 4, 2018, DeHate filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255, raising a litany of ineffective-assistance-of-counsel claims against his trial and appellate counsel.

After the matter was fully briefed, this Court determined that an evidentiary hearing was warranted with respect to two of DeHate's claims: 1) his claim that his trial counsel threatened to withdraw if DeHate testified; and 2) his claim that this trial counsel should have filed a motion to suppress his statement/confession because officers continued to question DeHate after he

3

requested a lawyer.  (*See* ECF No. 118).  This Court ordered counsel to be appointed to represent

Dehate for purposes of an evidentiary hearing, limited to those two grounds for relief.  (*Id.*).

Thereafter, counsel was appointed for DeHate, Dehate expressly waived the attorney-client

privilege with respect to communications with his trial counsel (*see* ECF No. 122), and an

evidentiary hearing was scheduled.

The evidentiary hearing was rescheduled several times, however, due to the ongoing

novel corona virus pandemic ("COVID-19") and the related closure of the Court for in-person

proceedings.

The evidentiary hearing was held on September 27, 2021.  Two witnesses testified at the

evidentiary hearing: 1) DeHate; and 2) his trial counsel, attorney Mitchell Nelson.

During the evidentiary hearing, DeHate testified that the F.B.I. agents that conducted the

search at his home, and interviewed him, threatened to shoot his dog and proceeded to question

him even though he had requested a lawyer before being interviewed.  DeHate testified that he

told his attorney that the officers had questioned him after he requested an attorney and that he

asked Nelson to file a motion to suppress his confession on that basis.  DeHate further testified

that Nelson told him he would withdraw from his case if DeHate chose to testify at trial.

DeHate, however, *was not a credible witness*.  To the contrary, throughout his testimony

Dehate was inconsistent.  DeHate also demonstrated his propensity to lie under oath.

Unlike DeHate, the Court finds Nelson to be a highly credible witness.

The Court also admitted three exhibits during the course of the evidentiary hearing.  The

Government's Exhibit Number 1 is a copy of DeHate's handwritten, narrative statement of the

events that occurred on the date of the search and interview at his home, that Dehate provided to

Nelson.  In that detailed statement, DeHate made no mention of having requested an attorney or having been questioned by the agents after having requested an attorney.  To the contrary, the narrative statement DeHate provided to his attorney states "I said I would answer their questions as I had nothing to hide."  (Govt.'s Ex. 1 at 2).

The Government's Exhibit Number 2 is a copy of DeHate's written correspondence to attorney Nelson, wherein DeHate discusses a number of potential motions to suppress evidence that could be filed in his case.  That three-page document makes no mention of DeHate having been questioned despite asking for an attorney, nor does it suggest that a motion to suppress could be filed on such a basis.

The Government's Exhibit Number 3 is a copy of DeHate's notes during the course of trial, made during the course of Special Agent Christenson's testimony.

Having heard and observed the two witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the exhibits submitted by the parties, having reviewed all matters of record for this case, having considered the arguments presented by counsel, the Court makes the following findings of fact related to Dehate's claims that: 1) his trial counsel threatened to withdraw if DeHate testified; and 2) his claim that this trial counsel should have filed a motion to suppress his statement/confession because officers continued to question DeHate after he requested a lawyer.

Nelson has been a criminal defense attorney since 1972 and has extensive experience in both state and federal court.  For a period of approximately ten years, Nelson served as the Assistant Public Defender in Washtenaw County, Michigan.

DeHate was originally represented in this case by attorneys Nancy McGunn and Andrew

Wise, but DeHate requested that a different attorney be appointed for him because he was not satisfied with their representation.  Nelson was then appointed to represent DeHate in this case.

Nelson visited DeHate (who was detained pending trial) more than twenty times during his representation.  They also had some written communications.

Nelson and DeHate had extensive conversations regarding the discovery in the case, discussions regarding potential motions, discussions regarding whether DeHate should testify at trial, and discussions regarding trial strategy.

DeHate never told Nelson that he had requested an attorney on the day of his interview and arrest.  DeHate never told Nelson that officers continued to question him after he had requested an attorney.  To the contrary, DeHate told Nelson that he agreed to speak with the officers because he "had nothing to hide."  Nelson credibly testified that, if DeHate had made such statements to him, about requesting a lawyer and/or being questioned after doing so, he would have filed a motion in this case seeking to suppress DeHate's statements to the officers.

Nelson also credibly testified that at no point did he tell DeHate that his statements to the officers could not be used at trial because the interview was not videotaped or because DeHate did not sign a statement.

Prior to trial, Nelson and DeHate had several discussions regarding whether DeHate would testify at trial.  Nelson advised DeHate that the decision of whether to testify at trial was DeHate's alone.  But Nelson did offer his professional opinion that the risks of testifying at trial appeared to outweigh the potential benefits.  Before trial started, DeHate decided not to testify at trial and that remained the plan going into trial.

As the trial proceeded, however, and the Government's witnesses testified, DeHate grew

6

upset and anxious.  DeHate told Nelson that he wished to testify at trial, indicating that he

wanted to testify that his minor victim had tricked him.  These new factual assertions by DeHate,

however, directly contradicted the version of events that DeHate had provided to Nelson

throughout the case.

As a result, Nelson candidly advised DeHate that, if he were to testify at trial, and gave

testimony that Nelson had reason to believe was untrue and would constitute perjury, Nelson

would be required to withdraw from the case under the applicable rules of professional

responsibility.

DeHate ultimately decided not to testify at trial.   While under oath and on the record,

DeHate confirmed that the decision not to testify was his decision.

## STANDARD OF REVIEW

DeHate's Motion To Vacate Sentence is brought pursuant to 28 U.S.C. § 2255, which

provides:

> A prisoner in custody under a sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence imposed was
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such a sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise subject to collateral attack,
> may move the court which imposed the sentence to vacate, set aside, or correct
> the sentence.

28 U.S.C. § 2255.  To prevail on a § 2255 motion, "a petitioner must demonstrate the existence

of an error of constitutional magnitude which has a substantial and injurious effect or influence

on the guilty plea or the jury's verdict."  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.

2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by

establishing a "fundamental defect which inherently results in a complete miscarriage of justice,

or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003). It is well established that when a defendant files a § 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

## ANALYSIS

The familiar United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 688 (1984) governs this Court's analysis of ineffective assistance of counsel claims. "In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction . . . ." *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

To establish deficient performance, the defendant must show that "counsel's representation fell below the objective standard of reasonableness." *Lint,* 542 F. App'x at 475 (citing *Strickland*, 466 U.S. at 688). Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Lint,* 542 F. App'x at 475-76 (citing

*Strickland*, 466 U.S. at 689).  "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690. Thus, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  The likelihood of a different result "must be substantial, not just conceivable."  *Lint*, 542 F. App'x at 476 (citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)).

Here, DeHate claims that both his trial and appellate counsel provided ineffective assistance to him and asserts a litany of claims relating to their performance.

## I.      Pretrial Proceedings

In his § 2255 motion, DeHate contends that his trial counsel was ineffective during pretrial proceedings.

### Not Being Prepared For Motion To Suppress Evidence

DeHate claims that his trial counsel was ineffective in that he failed to properly prepare for, and argue, a motion to suppress evidence that he filed.  DeHate notes that his trial counsel filed a motion challenging the search warrant that led to his arrest, on the ground that the search warrant affidavit contained materially false statements or omissions.  DeHate argues that his trial counsel was ineffective because he was unable to identify any materially false statements or

omissions in the search warrant affidavit.

As the Government notes, however, that his counsel did not prevail on the motion he filed and argued does not mean that he was ineffective in his efforts on behalf of his client. Simply stated, DeHate's trial counsel was unable to identify any false statements in the search warrant affidavit because there were no false statements in it.  In addition, despite his efforts to do so, Mr. Nelson was also unable to identify any material omissions that, if included, would have shown probable cause to be lacking.

DeHate's motion asserts that his trial counsel should have been able to identify false statements or material omissions in the search warrant affidavit, and purports to identify some. But DeHate has not identified any false statement in the search warrant affidavit.  And his effort to identify a material omission, that if included would have shown probable cause to be lacking, fares no better.

**Not Having Filed A Motion To Suppress DeHate's Confession**

As his ninth ground for relief, DeHate contends that his trial counsel was ineffective by virtue of not having filed a motion seeking to suppress his confession.

DeHate asserts that his attorney should have filed a motion seeking to suppress his statements/confession because he was questioned after he requested a lawyer.  DeHate's brief also asserts that "Mr. Nelson told [him] that there was no need for him to file a motion to suppress [sic] statements because Agent Christenson never videotaped or had him sign a statement, therefore any confession could not be used in court."  (ECF No. 107 at PageID.1865).

This Court held an evidentiary hearing with respect to this claim on September 27, 2021,

10

during which both DeHate and his trial counsel testified.  This Court credits Nelson's testimony

that DeHate never told Nelson that he had requested an attorney on the day of his interview and

arrest.  DeHate also never told Nelson that officers continued to question him after he had

requested an attorney.  To the contrary, DeHate told Nelson that he agreed to speak with the

officers because he had nothing to hide.  Nelson credibly testified that, if DeHate had made such

statements to him, about requesting a lawyer and/or being questioned after doing so, he would

have filed a motion in this case seeking to suppress DeHate's statements to the officers.

This Court also finds that, at no point during his criminal case, did Nelson tell DeHate

that his statements to the officers could not be used at trial because the interview was not

videotaped or because DeHate did not sign a statement.

Accordingly, this claim fails.

### Failing To File A Motion For Severance

DeHate claims his trial counsel was ineffective for failing to file a motion for severance

under Fed. R. Crim. P. 14(a).  DeHate asserts that his counsel should have filed a motion seeking

to sever Count 1 from the remaining counts because he could not pursue a "mistake of age"

defense for Count 1.

That DeHate could not pursue a mistake of age defense as to Count 1 did not prevent him

from pursuing such a defense as to the other counts.  And Defense Counsel pursued that defense

at trial as to Counts 2 through 5.  (*See* ECF No. 71 at PageID.906) ("[O]n four out of the five

counts, the key issue is going to be whether the prosecution satisfies you and each and every one

of you beyond a reasonable doubt that . . . my client actually knew she was a minor.").

The counts were properly joined under Fed. R. Crim. P. 8, and DeHate has not

demonstrated that he incurred any prejudice by virtue of having the counts tried together.  As such, this claim fails.

## II.     Trial

DeHate also claims that his trial counsel provided ineffective assistance at various times during his jury trial.

### Failing To Request Mistrial During Jury Selection

DeHate claims that his trial counsel should have moved for a mistrial during jury selection.  That claim is based upon the following statement made by a prospective juror after the Court asked the members of the jury pool if they would approach the case with an open mind:  "I just have a problem with that.  I'm just being honest.  If the guy's here, he's here for a reason, and I can't get that out of my mind and I'm just seeing the word 'guilty.'  I'm just being honest."  (ECF No. 70 at PageID.845).  After that potential juror made that statement, the Court engaged in the following exchange with that potential juror:

| | |
|---|---|
| THE COURT: | The issue is not "maybe did it, probably did it."  The government has to prove this case to you beyond a reasonable doubt, each element of the charge. |
| MR. HESS: | I understand. |
| THE COURT: | And you can't concern yourself how someone got here or didn't get here. |
| MR. HESS: | I know.  But that's just a thought that's going through my head. |
| THE COURT: | Will you hold the government to its burden to prove each element of the charge to you beyond a reasonable doubt? |
| MR. HESS: | I will try, yes. |

(ECF No. 70 at PageID.846).  The Court then asked other potential jurors questions, including "will you approach this case with an open mind?" and "do we have your commitment that you will serve as a fair and impartial juror?" and those questions were answered in the affirmative.

(*Id.*).  At a sidebar immediately following those exchanges, the Court advised counsel that it was considering excusing Mr. Hess and neither party objected to that.  This Court then excused that juror.  Thereafter, this Court continued to ask each potential juror whether he or she could be a fair and impartial juror, and judge this case solely based upon the evidence presented in the case, and each juror that was ultimately seated answered in the affirmative.

DeHate now contends his trial counsel was ineffective by virtue of not having moved for a mistrial, because the prospective juror's statements deprived him of his right to a fair and impartial jury, and further faults his appellate counsel for not having raised this issue on appeal.  This claim fails.

"The Sixth Amendment guarantees an accused the right to be tried 'by an impartial jury.'" *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006) (quoting U.S. Const. amend. VI).  "The task of empaneling the jury is left to the sound discretion of the district court." *Guzman*, 450 F.3d at 629.  The Sixth Circuit has explained that, when addressing claims such as DeHate's, "[w]e begin with the well-established presumption of juror impartiality" as "well as the equally important presumption that jurors followed the trials court's instructions."  *Id*.

Here, when asked whether anything said during voir dire may have impaired his or her ability to remain impartial, not one of the potential jurors who ultimately was seated on the jury answered in the affirmative.  To the contrary, they responded that they could be fair and impartial and decide the case solely upon the evidence presented.  DeHate has offered no evidence of actual juror bias that would overcome these presumptions.  DeHate's trial counsel was not ineffective for not having requested a mistrial based upon a potential juror, who was not seated, having stated a potential bias during voir dire.  *Guzman*, 450 F.3d at 631 (collecting

cases).  Likewise, DeHate's appellate counsel was not ineffective for having failed to raise a claim based on jury impartiality.

### Statements Made During Opening Statement

DeHate asserts that his trial counsel was ineffective during his opening statement by "conceding his guilt" and abandoning his only defense.  (ECF No. 107 at PageID.1849).  In support of his motion, DeHate submitted an affidavit wherein he states that "[a]t no time did I give Mr. Nelson permission to tell the jury that I sent the pictures to Brianna."  (DeHate Aff. at ¶ 2).

That assertion is belied by sworn statements made by DeHate during trial, such as his sworn testimony on January 15, 2016, after the Government had presented its case in chief, that DeHate was satisfied with how his attorney had been defending him at trial:

> THE COURT: Okay.  And are you satisfied with your attorney's decision as to how to present your case?
>
> DEFENDANT DEHATE: Yes, I am.

(ECF No. 73 at PageID.1251-53).  That assertion is also belied by acknowledgments made by DeHate in his own motion.  For example, referring to himself in the third person, Dehate acknowledges that he chose not to contest that he sent the pictures to MV1 at trial:

> He [(DeHate)] never contested he sent pictures of himself masturbating or that Brianna (MV1) sent him pictures of a female masturbating, he only contested that he thought Brianna (MV1) was 19 years old, a legal adult.  Movant was very corroperative [sic] with agent Christenson during her investigation and went to trial to preserve the search warrant issue.

(ECF No. 107 at PageID.1871).

During his opening statement, DeHate's trial counsel noted that in four of the five counts, the issue concerned whether DeHate knew that MV1 was a minor.  DeHate's counsel did not

abandon his only defense.  To the contrary, he discussed the Government's exhibits and then proceeded to tell the jury that the evidence that would be presented at trial would show that DeHate thought he was talking to adult, asserted there was no proof that DeHate received certain messages that the Government claims he did, and argued that the jury should find DeHate not guilty.

### Waiving DeHate's Presence During Conference Regarding Juror Question

DeHate claims that his trial counsel provided ineffective assistance of counsel by waiving DeHate's presence in the courtroom for a brief conference during which a note from a juror to the Court was addressed.  DeHate further faults his appellate counsel for failing to raise this issue on direct appeal.

At the end of the day on January 13, 2016, one of the jurors passed a note to this Court that asked "May I download KIK on my computer to better understand the app (and the nature of some of the other questions?)"  (ECF No. 71 at PageID.1055-56).  The Court informed counsel for the Government and Defense Counsel that it had received a note and wished to discuss it with them on the record.  (*Id.*).  Defense Counsel waived DeHate's presence for the brief conference and this Court stated, "I don't see that we need to have Mr. DeHate here for this" conference, after which Defense Counsel stated that he would prefer DeHate not be present for that conference "because then we'd have to have the two deputies behind him and it would be pretty obvious that he's in custody."  (*Id.* at PageID.1055).  This Court then discussed the juror's note on the record and all agreed that the Court would advise that the answer to the question "is absolutely not.  He is not to conduct any type of research at all."  (*Id.*).  This Court then had the following exchange with the juror in question:

| | |
|---|---|
| THE COURT: | Mr. Perrin? |
| JUROR PERRIN: | Yes, sir? |
| THE COURT: | Just stand where you're at.  Just speak up loud.  We have the note.  And it reads, as I understand, "May I download KIK on my computer to better understand the app and the nature of some of the other questions?" |
| | Is that the question you asked me? |
| JUROR PERRIN: | Yes, sir. |
| THE COURT: | The answer to your question is absolutely not. |
| JUROR PERRIN: | Okay. |
| THE COURT: | As I indicated before you left – |
| JUROR PERRIN: | Well, I wasn't sure if this qualified as research or whatever, because I have knowledge of other apps already.  I know they're related to KIK, so that – |
| THE COURT: | No.  you're not to go on the computer.  You're not to do any type of research, anything on your own. |
| | Again, the only thing – they attorneys are presenting the evidence to you. |
| JUROR PERRIN: | Sure. |
| THE COURT: | And the only thing that should influence you is what you see and hear in this courtroom only.  You are not to do anything outside of court regarding this case. |
| JUROR PERRIN: | Okay. |

(*Id*. at PageID.1055-56).

DeHate contends that had his counsel not waived his appearance at that conference, he "would have insisted that Mr. Nelson remove juror number ten and replace him with an alternative juror or ask the court for a mistrial based on the note."  (ECF No. 107 at PageID.1853).

DeHate's trial counsel' performance was not deficient for having urged this Court to conduct the conference without DeHate present in the court room.

Fed. R. Crim. P. 43(a)(2) "provides that a criminal defendant 'must be present at . . . every trial stage, including jury impanelment and the return of the verdict,' and the Supreme Court has held that this provision guarantees a criminal defendant the right to have a jury's

16

question 'answered in open court' and for his counsel to be 'given the opportunity to be heard before the trial judge respond[s]' to the question. *United States v. Gonzalez*, 596 F.3d 1228, 1243 (10th Cir. 2010) (quoting *Rogers v. United States*, 422 U.S. 35, 39 (1975)). "Subsection (b)(3) of Rule 43 also provides, however, that a criminal defendant 'need not be present' if '[t]he proceeding involves only a conference or hearing on a question of law." *United States v. Gonzalez,* 596 F.3d 1228, 1243 (10th Cir. 2010).

Here, the conference at issue, that this Court held on the record on January 13, 2016, "concerned only a legal question of how to respond to a jur[or's] question. Thus, under Rule 43(b)(3)," DeHate's presence was not necessary. *Id.* ; *see also United States v. Jones*, 674 F.3d 88, 94 (1st Cir. 2012) (Issue of "re-instruction and the question of what materials jury may consult are legal questions and fall within the exception" set forth in Fed. R. Crim. P. 43(b)(3)). Accordingly, no error occurred.   DeHate's trial counsel did not render deficient performance and DeHate's appellate counsel was not deficient for not having raised this issue on direct appeal.

### Failing To Object To Exhibits

DeHate claims that his trial counsel was ineffective for "failing to object" to the admission of certain exhibits during trial.  As explained in the Government's brief, this claim fails because, contrary to DeHate's assertions in his motion, his trial counsel *did object* to the admission of the exhibits at issue during trial.

### Failing To Object To The Testimony Of Deputy Christian Kohlmeyer

DeHate asserts that his trial counsel was ineffective for failing to object to the trial testimony of Deputy Christian Kohlmeyer as a violation of Fed. R. Evid. 602.  (ECF No. 107 at

17

PageID.1855).  DeHate claims that Kohlmeyer's testimony about DeHate's "confession and the evidence in this case was not based upon personal knowledge but Agent Christenson's report." (*Id*.).

As the Government notes in its response brief,  Deputy Kohlmeyer testified that he personally participated in the investigation of DeHate as part of the computer crimes task force to which he was assigned, and that he participated in executing the search warrant at DeHate's home, and assisted with the interview of DeHate that occurred that same day. (ECF No. 72 at PageID.1065-69).  As such, DeHate's trial counsel could not be considered deficient for not objecting to his testimony for lack of personal knowledge under Rule 602.  This claim fails.

### Failing To Call DeHate To Testify At Trial

DeHate claims that his trial counsel was ineffective for failing to call him to testify at trial.  (Def.'s Reply Br. at 3).  DeHate claims he wished to testify at trial but did not do so because his trial counsel had threatened to withdraw from the case if he testified.  The Court finds this claim to be without merit.

On September 27, 2021, this Court held an evidentiary hearing, during which both DeHate and Nelson testified.  Contrary to DeHate's assertion, Nelson did not threaten to withdraw from his case if DeHate chose to testify.  Rather, Nelson advised DeHate that, if he were to testify at trial, and gave testimony that Nelson had reason to believe was untrue and would constitute perjury, Nelson would be required to withdraw from the case under the applicable rules of professional responsibility.

DeHate ultimately decided not to testify at trial.  While under oath and on the record, DeHate confirmed that the decision not to testify was his own decision.

After the close of the Government's case-in-chief, DeHate *stated on the record and under oath* that he did not wish to testify at trial.  And he did so in response to questioning by both his counsel and this Court:

> THE COURT: All right.  Mr. DeHate, could you raise your right hand?
>   Do you affirm the testimony you're about to give will be the truth, the whole truth and nothing but the truth?
> DEFENDANT DEHATE:   Yes, sir.
> THE COURT: Can you give us your full name for the record, please?
> DEFENDANT DEHATE:   My name is Dennis George DeHate.
> THE COURT: And, Mr. Nelson, you may voir direct your client about his decision not to testify.
> MR. NELSON: Thank you, Your Honor.
>   Mr. DeHate, you and I have discussed your right to testify in this matter if you wish?
> DEFENDANT DEHATE: Yes.
> MR. NELSON: And we discussed that you have also what's called a Fifth Amendment right not to testify, and that couldn't be used against you in any way, that they couldn't even comment on your failure to testify, have we not?
> DEFENDANT DEHATE: Yes.
> MR. NELSON: And we've talked about this on several different occasions?
> DEFENDANT DEHATE: Yes.
> MR. NELSON: And we've talked about the alternatives of testifying or not testifying, correct?
> DEFENDANT DEHATE: Yes.
> MR. NELSON: And based on our discussions and weighing the options, have you reached a decision as to whether you do wish to testify in this matter or not?
> DEFENDANT DEHATE: Yes, I have.
> MR. NELSON: And what is that decision?
> DEFENDANT DEHATE: I wish not to testify.
> MR. NELSON: And you stand on your silence, is that correct?
> DEFENDANT DEHATE: Yes.
> THE COURT: Do you have any questions for the Court or your attorney?
> DEFENDANT DEHATE: Not at this moment, sir.
> THE COURT: Now is the time.
> DEFENDANT DEHATE: I don't have any.
> THE COURT: Okay.  And again, have you made the decision after careful thought and discussion with your attorney?
> DEFENDANT DEHATE: Yes.
> THE COURT: And have you discussed with Mr. Nelson what evidence you should present during the course of your trial?
> DEFENDANT DEHATE: Yes.

19

> THE COURT: Okay.  And are you satisfied with your attorney's decision as to
> how to present your case?
> DEFENDANT DEHATE: Yes, I am.
> THE COURT: Okay, very good.
> Anything by the government?
> MS. SMITH: No.  The government is satisfied, Your Honor, that he has made a
> knowing, voluntarily, and intelligent waiver of his right to testify.
> THE COURT: Okay.

(ECF No. 73 at PageID.1251-53).  Thus, DeHate stated on the record and under oath, in response

to this Court's inquiry, that DeHate did not wish to testify and that he was satisfied with his

counsel.

In addition, in any event, DeHate has failed to show prejudice.  DeHate's affidavit states

various things that he would have testified about, if he had testified at trial.  DeHate's motion

fails to explain, however, how any of the things he would have testified about would have

changed the outcome of the case.  Rather, DeHate has offered only pure speculation that his

testimony may have left a favorable impression on the jury.  Even if DeHate had testified at trial

to the statements in his affidavit, in light of the other evidence presented at trial, that would not

provide a basis for concluding that the outcome likely would have been different.  *Clark v.

Waller*, 490 F.3d 551, 558 (6th Cir. 2007).  DeHate has offered no demonstration of prejudice

and, as a result, he has not made out a claim for ineffective assistance of counsel.

### Failing To Use Police Reports To Cross-Examine Witnesses

DeHate asserts that his trial counsel "failed to use police reports and witnesses prior

inconsistent statements to impeach Government witnesses."  (ECF No. 107 at PageID.1881).

*Strickland* requires that "trial counsel's performance must be judged on the facts of the

case, viewed from counsel's perspective at the time, and recognizing that 'counsel is strongly

presumed to have rendered adequate assistance and made all significant decisions in the exercise

20

of reasonable professional judgment.'" *Peterson v. Smith,* 510 F. App'x 356, 362 (6th Cir. 2013) (quoting *Strickland,* 466 U.S. at 690).

As the Government notes, there were not many reports prepared during the underlying investigation.  Nevertheless, during trial, Mr. Nelson made use of those reports in attempting to impeach witnesses or discredit their testimony.  The Court agrees that none of DeHate's criticism's of Mr. Nelson's cross-examination of witnesses rises to the level of deficient performance.   Moreover, Defendant must also establish that but for this failure to cross-examine, the result of the proceeding would have been different. *Id.* (citing *Strickland,* 466 U.S. at 694).  DeHate cannot show that failing to cross-examine witnesses on any of these matters had any prejudicial effect on the outcome of the proceeding.

**Failure To Object To Erroneous Jury Instruction**

DeHate claims that his trial counsel was ineffective for failing "to object to an erroneous jury instruction which defined 'unlawful sexual activity' as production of child pornography which requires no contact."  (ECF No. 107 at PageID.1867).  As to this ground for relief, DeHate contends that the jury instruction given as to Count Five was improper.

The Government's response brief concisely explains why this ground for relief pertaining to that jury instruction fails:

> DeHate next argues that attorney Nelson should have objected to the jury instruction on "sexual activity" as it pertained to Count Five, online enticement of a minor.  Citing *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011), he claims that production of child pornography is not "sexual activity" under 18 U.S.C. § 2422(b).  But the *Taylor* holding is not that broad.  In *Taylor*, the Court held that "sexual activity" did not include the defendant's act of masturbating on camera, or even encouraging a minor to do so.  But *Taylor* recognized, as does the Sixth Circuit, that under 18 U.S.C. § 2427, production of child pornography is "sexual activity" under 18 U.S.C. § 2422(b).  *Taylor*, 640 F.3d at 259; *United States v. Stevenson*, 659 Fed. Appx. 221 [, 225] (6th Cir. 2016) (unpublished).  Thus,

counsel could not have been ineffective for failing to object to a jury instruction
that correctly identifies and describes the law.

(ECF No. 112 at PageID.1995).[1]

### Failing To Request Jury Instruction For Lesser-Included Offense Of Possessing Child Pornography

DeHate argues that trial counsel was ineffective for not having requested a jury

instruction for the lesser-included offense of possession of child pornography.  In responding to

this ground, the Government notes that it is moot because DeHate already received the relief of

having the possession count vacated.  (ECF No. 112 at PageID.1999).  Thereafter, in his Reply

Brief, DeHate withdrew this ground for relief.  (ECF No. 117 at PageID.2047).

### III.  Sentencing And Appeal

DeHate also claims that his trial and appellate counsel were ineffective during sentencing

and on direct appeal.

### Not Having Moved For A Downward Departure Under USSG § 3E1.1, For Acceptance Of Responsibility

DeHate argues that his trial counsel was ineffective at sentencing for failing to move for

a downward departure under USSG § 3E1.1, for acceptance of responsibility.  (ECF No. 107 at

PageID.1870).

In responding to this argument, the Government states that trial counsel did not seek a

downward departure for acceptance of responsibility for "good reason" – because DeHate did

not accept responsibility for his actions.  (ECF No. 112).

The Court agrees.  DeHate, who proceeded to trial and then proclaimed "I'm innocent of

---

[1]Moreover, *Taylor* is not a Sixth Circuit case and is not binding on this Court, and other
circuits have rejected its holding.  *See, e.g., United States v. Fugit*, 703 F.3d 248, 255-56 (4th
Cir. 2012) (We believe the Seventh Circuit's decision in *Taylor* "was mistaken.").

these charges" during his sentencing, did not accept responsibility for his actions such that a departure was warranted under USSG § 3E1.1.  (ECF No. 82 at PageID.1469).  DeHate's trial counsel was not ineffective for having failed to file a motion that was clearly without merit and would have been denied by this Court.

### Failing To Object To Enhancement Under USSG § 2G2.2(b)(5)

DeHate contends that his trial counsel was also ineffective for not challenging the enhancement for a pattern of sexual abuse under USSG § 2G2.2(b)(5).  As the Government's response details, there was more than sufficient evidence in this case to warrant this enhancement.  (ECF No. 112 at PageID.1997).  DeHate's trial counsel was not ineffective for having failed to contest this enhancement that clearly applied, and his appellate counsel was not ineffective for having raised this issue on appeal.

### Appellate Counsel's Failure To Raise Issues Regarding § 2422 On Appeal

DeHate contends that his appellate counsel was ineffective for failing to raise on appeal "whether a conviction under 18 USC 2422(b) requires contact with [Minor Victim Number 1 and] Whether [DeHate's] conduct proscribed by the offense was not 'sexual activity' within the meaning of 18 USC 2422(b)?" (ECF No. 107 at PageID.1868-69).

This claim also fails, for the reason stated by the Government: "Congress specifically enumerated production of child pornography as a 'sexual activity' for which any person could be charged under 18 U.S.C. § 2422(b).  18 U.S.C. § 2427.  Neither counsel could be deficient for failing to raise this issue of settled law."  (ECF No. 112 at PageID.1996).

### Failing To Raise On Direct Appeal Whether This Court Erred In Denying Defense Counsel's Motion To Withdraw

DeHate contends that his appellate counsel was ineffective for not asserting on direct

appeal that this Court erred in denying a motion to withdraw, that was made by DeHate's trial counsel after the sentencing hearing, but before the restitution hearing was completed. As the Government notes, DeHate has not challenged any factual findings or ruling regarding restitution. As such, he cannot show prejudice and DeHate's appellate counsel was not ineffective for not having raised a non-meritorious claim on direct appeal.

**Failing To Object To Supervised Release Term Prohibiting Adult Pornography**

DeHate claims that his trial counsel was ineffective for having objected to the supervised release provision that will prohibit DeHate from purchasing, selling, viewing or possessing images that depict pornography, sexually explicit conduct, child erotica, or child nudity. (ECF No. 95 Page PageID.1780, 7/22/16 Amended Judgment)[2]. DeHate further faults his appellate counsel for not having raised this issue on direct appeal.

This claim has no merit. A district court has the discretion to impose conditions that are reasonably related to the factors set forth in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 3553(a), and are consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Lewis*, 565 F. App'x 490, 496 (6th Cir. 2012).

This Court imposed the terms of supervised release, including the term cited above, after a lengthy consideration of the § 3553(a) factors. The condition at issue is reasonably related to DeHate's conduct in this case and his counsel was not ineffective for not objecting to that condition. In addition, at sentencing, this Court asked DeHate if he had any additional

---

[2]The Amended Judgment following remand contains this same condition (ECF No. 106 at PageID.1838), and DeHate stipulated to the entry of that Amended Judgment. (ECF No. 105).

objections to the Presentence Report, that contained the supervised release condition at issue, and DeHate said no.  (ECF No. 82 at PageID.1447-48).  Moreover, the Amended Judgment, that was issued following remand from the Sixth Circuit after DeHate's direct appeal, also contains this same condition (ECF No. 106 at PageID.1838), and DeHate (while represented by new counsel) stipulated to the entry of that Amended Judgment.  (ECF No. 105).  This claim fails.

### Failing To Raise Rule 29 Issue On Appeal

DeHate asserts that his appellate counsel was ineffective for not raising on direct appeal "whether the district court erred in denying Mr. DeHate's Rule 29 Motion."  (ECF No. 107 at PageID.1884).

This claim has no merit. The evidence against DeHate that was produced at trial was overwhelming. His appellate counsel did not provide ineffective assistance of counsel by virtue of not challenging this Court's denial of Dehate's Rule 29 motion for acquittal.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must issue before a petitioner such as DeHate may appeal a district court's denial of a § 2255 motion.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not find this Court's assessment of DeHate's claims debatable or wrong.  As such, this Court declines to issue a certificate of appealability.

25

## CONCLUSION & ORDER

For the foregoing reasons, IT IS ORDERED that DeHate's § 2255 Motion is DENIED.

Additionally, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 29, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2021, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager

26